318

80 A.3d 754

COMMONWEALTH of Pennsylvania, Appellant

v.

Emma TURNER, Appellee.

Supreme Court of Pennsylvania.

Argued Sept. 11, 2012.

Decided Nov. 22, 2013.

Hugh J. Burns Jr., Esq., Philadelphia, Rufus Seth Williams, Esq., Office of the District Attorney of Philadelphia, for Commonwealth of Pennsylvania.

Elayne Bryn, Esq., Philadelphia, for Emma Turner.

CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN, JJ.

## *OPINION*

Justice BAER.

The Commonwealth has filed a direct appeal from an order of the court of common pleas of the first judicial district declaring that Section 9543(a)(1)(i) of the Post–Conviction Relief Act (PCRA), 42 Pa.C.S. § 9543(a)(1)(i),[1] which conditions the availability of post-conviction relief on whether the petitioner is currently serving a sentence of imprisonment, probation, or parole, is unconstitutional as applied to Emma Turner (Petitioner).[2] The court of common pleas (PCRA court) held that barring Petitioner from obtaining collateral relief on her timely claim of trial counsel ineffectiveness because she had completed serving her sentence, as Section 9543(a)(1)(i) requires, would violate Petitioner's constitutional

1. Section 9543(a)(1)(i) provides in relevant part as follows:
 (a) General rule.—To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
 (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
 (i) currently serving a sentence of imprisonment, probation or parole for the crime ...
 42 Pa.C.S. § 9543(a)(1)(i).

2. *See* 42 Pa.C.S. § 722(7) (vesting exclusive appellate jurisdiction in the Supreme Court over a final order holding a Pennsylvania statute unconstitutional).

due process right to be heard on this issue. *See Ford v. Wainwright,* 477 U.S. 399, 424, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986) (Powell, J. concurring) ("[i]f there is one 'fundamental requisite' of due process, it is that an individual is entitled to an 'opportunity to be heard.'" (internal citation omitted)). The PCRA court, therefore, permitted Petitioner to proceed with her PCRA petition, despite her ineligibility under Section 9543(a)(1)(i), granted an evidentiary hearing, and ultimately awarded her a new trial. Because we conclude that Petitioner has no due process right to be heard outside of the limits imposed by Section 9543(a)(1)(i) of the PCRA, and that she had the opportunity to attempt to vindicate her claim on direct appeal under *Commonwealth v. Bomar,* 573 Pa. 426, 826 A.2d 831 (2003), or within the time frame permitted by the PCRA, we reverse the decision of the PCRA court and hold that this section is constitutional as applied to Petitioner.

Between October 16 and November 21, 2006, police used a confidential informant to conduct several controlled purchases of narcotics from Petitioner's home. The investigation ultimately led to a search warrant that uncovered narcotics and related equipment, as well as pre-recorded buy money which was found on Petitioner's person when she was arrested. With counsel, Petitioner waived her right to a jury, and was tried non jury on November 5, 2007.[3] The trial court found Petitioner guilty of conspiracy to deliver a controlled substance, and on January 14, 2008, sentenced her to two years of reporting probation. Petitioner did not file a direct appeal.

On January 12, 2009, two days short of a year after her conviction, Petitioner filed a *pro se* PCRA petition. New counsel was appointed and filed an amended petition on November 17, 2009, raising three claims of ineffective assistance of trial counsel.[4] Petitioner filed a supplemental petition

---

**3.** Petitioner was tried jointly with a co-defendant, each of whom was represented by the same trial counsel, a fact that led to one of the claims of ineffectiveness.

**4.** Petitioner specifically alleged that trial counsel was ineffective with regard to a suppression motion, for failing to investigate Petitioner's alibi, and because of the dual representation of Petitioner and her co-defendant.

on February 8, 2010, to add a claim that trial counsel was also ineffective for failing to call character witnesses who would have testified about Petitioner's excellent reputation in the community.

Eleven days later, on February 19, 2010, Petitioner completed her two-year sentence of probation while the PCRA proceedings remained pending. The Commonwealth moved to dismiss the PCRA petition on the ground that Petitioner's completion of her sentence rendered her ineligible for relief pursuant Section 9543(a)(1)(i). Petitioner responded that dismissal of her petition on this ground would violate her due process right to have her ineffectiveness claims heard, rendering the PCRA unconstitutional as applied to her.[5]

On October 22, 2010, the PCRA court rejected the Commonwealth's motion to dismiss, and held that Section 9543(a)(1)(i) of the PCRA was unconstitutional as applied to Petitioner. *Commonwealth v. Turner*, 2010 Phila. Ct. Common Pl. LEXIS 398, 19 Pa. D. & C.5th 129 (C.P. Philadelphia October 22, 2010). The court initially recognized that in accord with the clear statutory language defendants who are no longer serving a sentence are ineligible for relief under the PCRA. *See* 42 Pa.C.S. § 9543(a)(1)(i); *Commonwealth v. Ahlborn*, 548 Pa. 544, 699 A.2d 718 (1997). The court further observed that under *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), ineffective assistance of counsel claims should be addressed under the PCRA rather than on direct appeal, which, according to the PCRA court, meant that the only opportunity for Petitioner to obtain review of her claims of ineffectiveness was in a post-conviction proceeding. *But see Bomar*, 826 A.2d 831 (permitting review of ineffective assistance of counsel claims on direct appeal under certain circumstances). Accord-

5. Petitioner did not contend that the PCRA is unconstitutional on its face, but that a denial of due process occurred here because the duration of her sentence afforded her insufficient time to have her ineffectiveness claim adjudicated before she became statutorily ineligible for relief. As such, her challenge to the PCRA was an "as applied" challenge. *See Clifton v. Allegheny County*, 600 Pa. 662, 969 A.2d 1197, 1223 (2009) ("... a statute is only facially invalid when its invalid applications are so real and substantial that they outweigh the statute's "plainly legitimate sweep." ").

ingly, the court concluded that Petitioner was without recourse to address her ineffectiveness claim, a result the PCRA court viewed as an unconstitutional deprivation of her due process right to a remedy arising from her alleged denial of the effective assistance of counsel. Consequently, the PCRA court held that Section 9543(a)(1)(i), as applied, was unconstitutional.

On June 16, 2011, the PCRA court held an evidentiary hearing on the merits of Petitioner's claims and, on July 15, 2011, granted her a new trial solely on the ground that trial counsel had been ineffective for failing to call an available character witness. The Commonwealth took a direct appeal to this Court pursuant to 42 Pa.C.S. § 722(7).

The issue on appeal, as presented by the Commonwealth, is whether Petitioner was deprived of due process when she failed to seek review of her ineffectiveness claims on direct appeal or to expedite PCRA review, and therefore became statutorily ineligible for PCRA relief due to the expiration of her sentence. Because our inquiry in this case focuses on the PCRA court's identification and application of legal principles, which are questions of law, our review is plenary. *Commonwealth v. Reaves*, 592 Pa. 134, 923 A.2d 1119, 1124 (2007). We note that duly enacted legislation carries with it a strong presumption of constitutionality. *Commonwealth v. Swinehart*, 541 Pa. 500, 664 A.2d 957, 961 (1995); *Commonwealth v. Parker White Metal Co.*, 512 Pa. 74, 515 A.2d 1358 (1986). The presumption of constitutionality will not be overcome unless the legislation clearly, palpably, and plainly violates the constitution. *Swinehart*, 664 A.2d at 961; *Commonwealth v. Blystone*, 519 Pa. 450, 549 A.2d 81 (1988).

The Commonwealth offers three arguments in support of reversal. First, it asserts that there is no due process right to non-custodial collateral review. According to the Commonwealth, due process is not implicated in the absence of a protected liberty interest, and there is no protected liberty interest involved when one is no longer subject to the re-

straints imposed by a sentence. Consistent with its position that a protected liberty interest is a prerequisite of due process protection, the Commonwealth argues that the PCRA draws a constitutional line between those whose liberty is constrained by a sentence and those whose liberty is no longer burdened because their sentences have concluded. Because Petitioner's liberty interest is no longer implicated after she has completed her sentence, the Commonwealth argues that she no longer has a due process right to collateral review of her conviction. It is immaterial to the Commonwealth's position that ineffectiveness claims are generally deferred to PCRA review. Even if Petitioner was barred from raising her ineffectiveness claims on direct appeal, a proposition with which the Commonwealth disagrees as explained below, it argues she has no due process right to collateral review of her sentence because she is not subject to state-imposed restraint.

Second, the Commonwealth argues that, to the extent Petitioner has a due process right to be heard even though she is no longer subject to state custody, she was denied the opportunity for review of her ineffectiveness claims not by operation of Section 9543(a)(1)(i), but by her failure to raise these claims on direct appeal. Although the Commonwealth acknowledges this Court's general rule deferring ineffectiveness claims to post-conviction review, *see Grant*, the Commonwealth argues that there was an exception to this general rule available to Petitioner. Specifically, in *Bomar*, 826 A.2d 831, we recognized a limited exception to *Grant* where ineffective assistance of counsel claims are presented to and decided by the trial court on direct appeal. *See Commonwealth v. Holmes*, 621 Pa. 595, 79 A.3d 562 (Pa.2013) (discussing *Grant* and the "*Bomar* exception"). The Commonwealth argues that the *Bomar* exception was available to Petitioner and that her failure to avail herself of the benefit of *Bomar* (by raising her ineffectiveness claims to the trial court on direct appeal), defeats her present due process claim. *See Dist. Attorney's Office For the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 71, 129 S.Ct. 2308, 174 L.Ed.2d 38 (2009) (providing that a defendant asserting a denial of due process has the "burden to

demonstrate the inadequacy of the state-law procedures available to him in state postconviction relief" and that "without trying [the procedures], [the defendant] can hardly complain that they do not work in practice.").

Third, the Commonwealth argues that Petitioner could have worked within the framework of the PCRA to obtain review of her claims while she was still serving her sentence. As support for this position, the Commonwealth observes that Petitioner was sentenced on January 14, 2008, yet waited almost a full year to file her PCRA petition on January 12, 2009, by which time her sentence was nearly half completed. Moreover, she waited until eleven days before she completed her sentence to file the supplement containing the claim on which the PCRA court ultimately granted relief. By waiting to bring her claim to the PCRA court's attention, according to the Commonwealth, Petitioner substantially reduced the time available for the PCRA court to address it while she was still serving her sentence. The Commonwealth further observes that Petitioner could have, but did not, request expedited consideration of her petition. Consequently, according to the Commonwealth, Petitioner's own actions made it impossible for the PCRA court to consider her claims until after she had completed her sentence. As further factual support for this assertion, the Commonwealth notes that by the time the PCRA court issued its order on July 15, 2011, granting a new trial, only fourteen months had passed since the PCRA court had received Petitioner's final amended PCRA petition, suggesting that there would have been sufficient time within the PCRA framework (i.e., during her two-year sentence) to have her successful PCRA claim resolved if she had sought relief immediately after being sentenced.

In response, Petitioner broadly argues that Section 9543(a)(1)(i) of the PCRA violates due process to the extent it bars individuals with short sentences, such as herself, from having claims of ineffective assistance of counsel reviewed collaterally. Her due process argument is premised on her right to the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments to the United States Con-

stitution, *see Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and Article I, Section 9 of the Pennsylvania Constitution, *see Commonwealth v. Halley*, 582 Pa. 164, 870 A.2d 795 (2005). She argues that dismissing her PCRA petition because she is no longer serving a sentence would deny her any opportunity to vindicate this constitutional right and therefore would deny her due process.

Turning to the specific requirements of due process, Petitioner relies on the procedural due process guarantee of the opportunity to be heard. *See Com. Dept. of Transp., Bureau of Driver Licensing v. Clayton*, 546 Pa. 342, 684 A.2d 1060, 1064 (1996) (recognizing that the essential requisites of procedural due process are notice and meaningful opportunity to be heard). She argues specifically that she was denied her procedural due process right to a hearing on her ineffectiveness claim. *See* Petitioner's Brief at 23 (asserting that the post-conviction framework "would completely bar [her] from any opportunity to be heard. . . ." (citing *Ford*, 477 U.S. at 424, 106 S.Ct. 2595 (Powell, J. concurring) (observing that a fundamental requirement of due process and fundamental fairness is that a defendant is entitled to an opportunity to be heard))). According to Petitioner, if there is no remedy for a violation of the right to effective assistance of counsel, then the right itself has no value. As further support, Petitioner cites *Daniels v. United States*, 532 U.S. 374, 381, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001) (presuming that "[o]ur system affords a defendant convicted in state court numerous opportunities to challenge the constitutionality of his conviction," including the opportunity to raise constitutional claims in post-conviction proceedings), and *Pennsylvania v. Finley*, 481 U.S. 551, 559, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (requiring a state's post-conviction procedures to comport with fundamental fairness).

Next, Petitioner argues that she could not have raised her ineffectiveness claims on direct appeal, as the Commonwealth asserts, because she was barred from doing so by *Grant*, which required her to defer her claims of ineffectiveness to collateral review. She further argues that the continued

viability of the *Bomar* exception to this general rule has been called into question by this Court and was not a reliable option to obtain review of her ineffectiveness claim on direct appeal; therefore, she cannot be faulted for failing to avail herself of *Bomar.* *See e.g., Commonwealth v. Liston,* 602 Pa. 10, 977 A.2d 1089 (2009), *Commonwealth v. Montalvo,* 604 Pa. 386, 986 A.2d 84 (2009); *Commonwealth v. Wright,* 599 Pa. 270, 961 A.2d 119 (2008).

Petitioner also argues that, contrary to the Commonwealth's assertion, she was under no obligation to raise her PCRA claims any sooner than she did. Rather, she asserts that her only obligation in terms of timing was to comply with the jurisdictional time restrictions of the PCRA, which she did by filing her petition within one year of when her sentence became final. *See* 42 Pa.C.S. § 9545(b)(1).

Petitioner further contends that the Remedies Clause of the Pennsylvania Constitution guarantees a remedy for the deprivation of a constitutional right. *See* PA. CONST., art. I, § 11 ("All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have a remedy by due course of law. . . ."). She interprets this section as requiring the relief the PCRA court provided: an evidentiary hearing and final decision on the merits of her claim.

 The Sixth and Fourteenth Amendments to the United States Constitution entitle a defendant to the effective assistance of counsel, *see Strickland,* 466 U.S. at 685, 104 S.Ct. 2052, as does Article I, Section 9 of the Pennsylvania Constitution. *See Halley,* 870 A.2d 795. In *Grant,* we declared a general rule deferring ineffective assistance of counsel claims to PCRA review, recognizing that time is necessary for ineffectiveness claims to be discovered and developed. 813 A.2d at 737–38. Eligibility for relief under the PCRA is dependent upon the petitioner currently serving a sentence of imprisonment, probation, or parole for the crime. 42 Pa.C.S. § 9543(a)(1)(i); *Ahlborn,* 699 A.2d at 720 (holding that the plain language of this section requires the denial of relief for a petitioner who has finished serving his sentence).

We created a narrow exception to *Grant* in *Bomar*, a direct capital appeal decided post-*Grant* but which involved a pre-*Grant* procedure in the lower court, where ineffectiveness claims were raised in post-verdict motions pursuant to *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977) (requiring a defendant, upon pain of waiver, to raise ineffectiveness claims once new counsel enters the case). In *Bomar*, where this Court had the benefit of a trial court opinion regarding the ineffectiveness claims and a trial record devoted to those claims, we held that "this circumstance is an exception to the general rule of deferral in *Grant*." *Bomar*, 826 A.2d at 855.

In *Commonwealth v. O'Berg*, 584 Pa. 11, 880 A.2d 597 (2005), the Court was faced with an argument on direct appeal that we should recognize a "short sentence exception" to *Grant*'s general rule of deferring ineffectiveness claims to permit those defendants who would likely be ineligible for PCRA review because of the short duration of their sentence to raise an ineffectiveness claim for the first time on direct appeal to the appellate court. In rejecting the defendant's argument, we recognized that the net effect of Section 9543(1)(a)(i) and *Grant* is that "claimants may not have the opportunity to raise a claim challenging trial counsel's effectiveness if their direct appeal is final at a time when they are no longer serving a sentence of imprisonment, probation or parole." 880 A.2d at 599. *See also id.* at 605 (Castille, J., concurring) ("That 'short sentence' defendants may not be able to pursue [claims of ineffectiveness] is an appropriate consequence of a legislative choice made by the people's duly-elected representatives.").[6]

▪ Following *O'Berg*, the propriety of a continuing and expansive application of *Bomar*-style review in post-*Grant*

**6.** This author joined the dissenting opinion authored by Justice Saylor in *O'Berg*, expressing the view that the timing of the *O'Berg* appeal brought that case within the *Hubbard* rule, rather than the *Grant* rule of deferral, and therefore required a remand to address the claims of ineffectiveness raised when new counsel entered an appearance. *O'Berg*, 880 A.2d at 606-07 (Saylor, J., dissenting). Justice Saylor's dissenting opinion also suggested that because PCRA review is unavail-

cases was called into question, as we recently recognized in *Holmes*. *See Holmes*, 79 A.3d at 572 (examining the Court's treatment of the limited *Bomar* exception to *Grant* in *O'Berg*, 880 A.2d at 604–05 (Castille, J., concurring)); *Rega*, 933 A.2d at 1030 (Castille, J., concurring, joined by Saylor, J.); *id.*, 933 A.2d at 1029 (Cappy, C.J., concurring); *Wright*, 961 A.2d 119; and *Commonwealth v. Liston*, 977 A.2d 1089, 1096, 1100 (Castille, C.J., concurring, joined by Saylor and Eakin, JJ.). Notwithstanding general criticism of *Bomar*-style review by individual justices of this Court, *see Holmes*, 79 A.3d at 588–89, 2013 WL 5827027 *25, at the conclusion of Petitioner's trial in the case before us there was no governing precedent precluding trial courts from exercising discretion to entertain claims of counsel ineffectiveness raised on direct appeal. *See e.g. Commonwealth v. Mitchell*, 576 Pa. 258, 839 A.2d 202, 208 (2003) (describing the *Bomar* exception as permitting consideration of ineffectiveness claims when the lower court held a hearing and considered the issues); *Commonwealth v. Malloy*, 579 Pa. 425, 856 A.2d 767, 780–81 (2004) (describing the *Bomar* exception as permitting this Court to hear on direct appeal ineffectiveness claims raised to the trial court and considered by that court); *Commonwealth v. Chmiel*, 585 Pa. 547, 889 A.2d 501, 540 (2005) (applying the *Bomar*-exception where the defendant's post-sentence motion alleged ineffective assistance of counsel and had been litigated in the trial court after *Grant* ). Although the arbitrariness of a trial court's discretion to permit *Bomar*-style review of ineffectiveness claims on direct appeal is one reason this Court reconsidered *Bomar* in *Holmes*, at the time Petitioner was eligible for a direct appeal in 2008 our cases did not preclude her from attempting to raise her ineffectiveness claims on direct appeal and persuading the trial court to consider them based on her short-sentence.[7] Indeed, because the PCRA court here was

able to defendants serving short sentences, due process concerns of fundamental fairness are answered by allowing short-sentence defendants to raise ineffectiveness claims on direct appeal. *Id.* at 606.

7. Notably, in addition to reviewing this Court's consideration of the *Bomar* exception in post-*Grant* cases, our recent decision in *Holmes*

also the trial court, it's due process concerns indicate that it may have been especially inclined to permit direct appeal review of Petitioner's ineffective assistance of counsel claims. Petitioner, however, declined to obtain new counsel and pursue her ineffectiveness claims through post-trial motions and seek review of these claims as part of the direct appeal process.

The Fourteenth Amendment provides in part: "nor shall any State deprive any person of life, liberty, or property, without due process of law," and protects "the individual against arbitrary action of government," *Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 459–60, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989) (internal citations omitted). Similarly, Article I, Section 9 of the Pennsylvania Constitution guarantees a criminal defendant the right to due process of law. These two due process provisions are largely coextensive. *Commonwealth v. Moto*, 611 Pa. 95, 23 A.3d 989, 1001 (2011). The constitutional right to due process guarantees more than fair process, covering a substantive sphere as well, "barring certain government actions regardless of the fairness of the

generally limited *Bomar* to its pre-*Grant* facts and reaffirmed the rationale of *Grant*. *See Holmes*, 79 A.3d at 576 (holding that "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal."). Notwithstanding this general rule, we created two limited exceptions to *Grant*: first, for "extraordinary circumstances," *id.* at 577, "where the trial court, in the exercise of its discretion, determines that a claim (or claims) of ineffectiveness is both meritorious and apparent from the record so that immediate consideration and relief is warranted," *id.*; and, second, for "good cause," permitting review of "multiple, and indeed comprehensive, ineffectiveness claims if such review is accompanied by a waiver of PCRA rights appropriately tailored ...," *id.* at 578. Importantly, we specifically identified defendants serving short sentences as those who may avail themselves of the good cause/waiver exception to *Grant*. *Id.* ("unitary review offers defendants who receive shorter prison sentences or probationary sentences the prospect of litigating their constitutional claims sounding in trial counsel ineffectiveness; for many of these defendants, post-appeal PCRA review may prove unavailable."). Consequently, following *Holmes*, defendants serving short sentences who have obtained new counsel may raise their ineffectiveness claims to the trial court in post-verdict motions, subject to the constraints and consequences described above.

procedures used to implement them." *County of Sacramento v. Lewis,* 523 U.S. 833, 840, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) (citing *Daniels v. Williams,* 474 U.S. 327, 331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)). "Due process" is not susceptible to precise definition; rather, the phrase expresses the requirement of "fundamental fairness," a requisite "whose meaning can be as opaque as its importance is lofty." *Lassiter v. Dep't of Soc. Serv. of Durham County,* 452 U.S. 18, 24–25, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981).

In terms of procedural due process, government is prohibited from depriving individuals of life, liberty, or property, unless it provides the process that is due. While not capable of an exact definition, the basic elements of procedural due process are adequate notice, the opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case. *Wright,* 961 A.2d at 132; *Commonwealth v. Thompson,* 444 Pa. 312, 281 A.2d 856, 858 (1971). Thus, courts examine procedural due process questions in two steps: the first asks whether there is a life, liberty, or property interest that the state has interfered with; and the second examines whether the procedures attendant to that deprivation were constitutionally sufficient. *Thompson,* 490 U.S. at 460, 109 S.Ct. 1904.

In the collateral review context, the United States Supreme Court has held that although "states have no constitutional obligation to provide a means for collaterally attacking convictions," *Commonwealth v. Haag,* 570 Pa. 289, 809 A.2d 271, 283 (2002) (citing *Finley,* 481 U.S. at 557, 107 S.Ct. 1990), if they do, "then such procedures must comport with the fundamental fairness mandated by the Due Process Clause." *Id.; Finley,* 481 U.S. at 557, 107 S.Ct. 1990. In this regard, states have "substantial discretion to develop and implement programs to aid prisoners seeking to secure postconviction review." *Finley,* 481 U.S. at 559, 107 S.Ct. 1990. When a state choses to offer help to those seeking relief from convictions and custody, due process does not "dictat[e] the exact form such assistance must assume." *Osborne,* 557 U.S. at 69,

129 S.Ct. 2308 (citing *Finley,* 481 U.S. at 559, 107 S.Ct. 1990). Moreover, states need not provide post-conviction petitioners with "the full panoply of procedural protections that the Constitution requires be given to defendants who are in a fundamentally different position-at trial and on first appeal as of right." *Finley,* 481 U.S. at 552, 107 S.Ct. 1990. Indeed, the United States Supreme Court has stated that post-conviction petitioners "have only a limited interest in post-conviction relief." *Osborne,* 557 U.S. at 69, 129 S.Ct. 2308. To deny due process, the complained-of aspect of the state post-conviction procedures must be "fundamentally inadequate to vindicate" the defendant's liberty interest, and must offend "some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental" or transgress "any recognized principle of fundamental fairness in operation." *Osborne,* 557 U.S. at 69, 129 S.Ct. 2308 (internal citations omitted).

In addressing Petitioner's claim of unconstitutionality, we are mindful that she does not mention substantive due process, focusing instead on a procedural due process right to be heard on her ineffectiveness claim. Further, she makes no argument that she has been denied appellate review in violation of Article V, section 9 of the Pennsylvania Constitution. PA. CONST. art. V, § 9 ("There shall be a right of appeal ... from a court of record ... to an appellate court...."); *O'Berg,* 880 A.2d at 607, (Saylor, J., dissenting) (opining that rejecting the short-sentence exception at issue in that case curtails the availability of appellate review and impinges upon the right of direct appeal guaranteed by the Constitution). Finally, Petitioner does not assert that she has been denied life or property. As the Due Process Clause protects life, liberty, or property, her argument presumably rests on a purported deprivation of liberty that occurred because *Grant* precluded her from judicial assessment of her ineffectiveness claim on direct appeal, and the PCRA precludes collateral review because of the conclusion of her state sentence.

However, "[p]rocess is not an end in itself...." *Osborne,* 557 U.S. at 67, 129 S.Ct. 2308. A necessary premise of

Petitioner's argument is that she was entitled to, or had a liberty interest in, collateral review when she was precluded from raising her specific claims on direct appeal. *See id.* (addressing a state prisoner's argument that access to the State's evidence is a "process" needed to vindicate his right to prove himself innocent and be released from jail, and explaining that "a necessary premise of this argument is that he has an entitlement (what our precedents call a 'liberty interest') to prove his innocence even after a fair trial has proved otherwise."); *Thompson,* 490 U.S. at 460, 109 S.Ct. 1904 (providing that the types of interests the constitution protects are not unlimited; rather, "an individual claiming a protected interest must have a legitimate claim of entitlement to it."); *Vitek v. Jones,* 445 U.S. 480, 487, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980) (identifying the threshold question as whether the complained of government action implicated a liberty interest that is protected by the Due Process Clause). Accordingly, we must examine this asserted liberty interest to determine what process, if any, is due. *Osborne,* 557 U.S. at 67, 129 S.Ct. 2308; *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 570–571, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Olim v. Wakinekona,* 461 U.S. 238, 250–251, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Wilder v. Dep't of Corrections,* 673 A.2d 30 (Pa. Cmwlth.1996).

Petitioner has not developed her asserted entitlement or liberty interest. Rather, she vaguely asserts a right to vindicate the denial of the constitutional right to effective assistance of counsel and claims that due process requires a hearing on the merits of her constitutional claim. She argues, essentially, that because she has a claim of constitutional magnitude (ineffective assistance of trial counsel), she cannot be denied an opportunity to be heard through the confluence of Section 9543(a)(1)(i) and this Court's decision in *Grant.* The Commonwealth, however, makes a persuasive argument that Petitioner has no protected liberty interest in collateral review at this juncture because she is no longer subject to a state sentence and, therefore, there is no restraint on her liberty. *See Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct.

2293, 132 L.Ed.2d 418, (1995) (holding that liberty interests that are protected by procedural due process are generally limited to freedom from restraint).

We agree with the Commonwealth that due process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence. Analogously, because the common law and statutory writ of *habeas corpus* in federal court challenges the basis of criminal conviction and custody, it requires that a petitioner be in custody before *habeas* jurisdiction can attach. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (providing that the essence of the common law writ of *habeas corpus* is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody); *U.S. ex rel. Dessus v. Com. of Pa.*, 452 F.2d 557, 559–60 (3d Cir.1971) ("the *sine qua non* of federal *habeas corpus* jurisdiction is that petitioner be 'in custody' ..." even as to claims of constitutional dimension: "Thus, custody is the passport to federal *habeas corpus* jurisdiction. Without custody, there is no detention. Without detention, or the possibility thereof, there is no federal *habeas* jurisdiction." (emphasis added)). *See also* 28 U.S.C. § 2255(a) (extending the right to seek *habeas corpus* relief to "[a] prisoner in custody under sentence" of a federal court); 28 U.S.C. § 2254(b) (extending the right to "a person in custody pursuant to the judgment of a State court").[8] Accordingly, because Petitioner's liberty is no longer burdened by a state sentence, she has no due process right to collateral review of that sentence.

---

8. The federal writ of *habeas corpus,* however, unlike our PCRA statute, requires that the petitioner be in custody at the time the petition is filed (rather than at the time relief is granted). *See* 28 U.S.C. § 2241(c)(3), 28 U.S.C. § 2254(a) (giving the United States district courts jurisdiction to entertain petitions for *habeas* relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States); *Maleng v. Cook,* 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (observing that the Court has required that the *habeas* petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed). The federal statute, therefore, grants continuing eligibility for *habeas* review after the defendant's sentence has ended.

■ Because individuals who are not serving a state sentence have no liberty interest in and therefore no due process right to collateral review of that sentence, the statutory limitation of collateral review to individuals serving a sentence of imprisonment, probation, or parole is consistent with the due process prerequisite of a protected liberty interest. 42 Pa. C.S. § 9543(a)(1)(i). Of course, the legislature was free to extend a statutory right of collateral review to individuals like Petitioner who had completed their sentence and, had they done so, they would be constitutionally obligated to ensure that those rights were impacted only in accord with due process. *See Evitts v. Lucey*, 469 U.S. 387, 401, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) ("when a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution—and, in particular, in accord with the Due Process Clause"); *Haag*, 809 A.2d at 282–83 (providing that although a PCRA petitioner does not have a Sixth Amendment constitutional right to counsel during collateral review, the Commonwealth, by way of procedural rule, provided for the appointment of counsel during a first petition for post-conviction relief, thereby creating a rule-based right to the effective assistance of counsel). However, the legislature did not do so. Rather, the General Assembly, through the PCRA, excluded from collateral review those individuals who were no longer subject to a state sentence, thereby limiting the statutory right of collateral review to those whose liberty was constrained.

The legislature was aware that the result of the custody or control requirement of Section 9543(a)(1)(i) would be that defendants with short sentences would not be eligible for collateral relief. Indeed, that was the apparent intent: to restrict collateral review to those who seek relief from a state sentence. *See Ahlborn*, 699 A.2d 718 (petitioner ineligible for PCRA relief where, following filing of PCRA petition and pending hearing, he was unconditionally released from prison). The legislature's exclusion from collateral relief of individuals whose liberty is no longer restrained is consistent with the

eligibility requirements of *habeas corpus* review under the general state *habeas corpus* statute, 42 Pa.C.S. § 6501 *et seq.*[9] *See, e.g., Ahlborn,* 699 A.2d at 720 ("The statute clearly contemplates that the petitioner will be serving a sentence at both the pleading and proof stages of the proceeding."); *O'Berg,* 880 A.2d at 604 (Castille, J., concurring) ("The extraordinary but limited review contemplated by the PCRA instead was made available only for more serious cases, with seriousness defined not by nature of the claims, but by the very tangible fact that the Commonwealth has control over the defendant's freedom." (emphasis omitted)).

The PCRA provides eligibility for relief for cognizable claims, *see* 42 Pa.C.S. § 9543(a)(2), including claims of ineffective assistance of trial counsel, and is the sole means of obtaining collateral relief in Pennsylvania. Petitioners are required to satisfy, *inter alia,* the criteria for eligibility for relief, *see* 42 Pa.C.S. § 9543, and the timeliness restrictions, *id.* at § 9545. By further limiting the eligibility for relief under the PCRA to petitioners serving sentences, our legislature chose not to create any statutory entitlement to collateral review for defendants who have completed their sentences.

We therefore find no support for the PCRA court's conclusion or Petitioner's argument that this legislative enactment runs afoul of due process, as due process does not afford relief absent a protected liberty interest. *Coleman v. Thompson,* 501 U.S. 722, 755, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (declining to find a due process right to appointed counsel on appeal from state collateral review even when under state law, ineffectiveness claims relating to trial or direct appeal could only be brought in a state collateral review proceeding).

9. The state habeas corpus statute provides, in part, as follows:
(a) General rule.—Except as provided in subsection (b), an application for habeas corpus to inquire into the cause of detention may be brought by or on behalf of any person restrained of his liberty within this Commonwealth under any pretense whatsoever.
Exception.—Where a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of habeas corpus shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law.
42 Pa.C.S. § 6503.

 To the extent Petitioner premises her asserted entitlement to collateral review on the constitutional nature of her ineffectiveness claims, we have already held that, in the context of the jurisdictional timeliness restrictions on the right to bring a PCRA petition, *see* 42 Pa.C.S. § 9545(b), the constitutional nature of a collateral claim does not overcome the legislature's restrictions on collateral review. *See Commonwealth v. Murray*, 562 Pa. 1, 753 A.2d 201 (2000) (holding that the constitutional nature of the violations alleged in a PCRA petition has no effect on the application of the PCRA jurisdictional time bar); *Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638, 643 n. 5 (1998) (rejecting an attack on the PCRA's time restrictions on due process grounds despite the constitutional nature of the claim). Similarly, the constitutional nature of the claims asserted by Petitioner does not overcome the statutory restrictions on her eligibility for relief, subject, of course, to due process. Such due process, however, does not require infinite opportunity to attack a conviction under any and all circumstances; rather, it permits our legislature through the PCRA statute to place limitations on claims of trial error and "strikes a reasonable balance between society's need for finality in criminal cases and the convicted person's need to demonstrate that there has been an error in the proceedings that resulted in [ ] conviction." *Peterkin*, 722 A.2d at 643. As noted earlier, Petitioner had the ability to bring a Sixth Amendment challenge on direct appeal. Her failure to proceed in this regard does not mean she is entitled to additional opportunities to attack her conviction.

Moreover, we recognized in *O'Berg* that Section 9543(a)(1)(i) and *Grant* would operate to deprive a class of defendants with short sentences, who did not attempt to utilize the *Bomar* exception, of the opportunity for collateral review. Although two Justices in dissent indicated that it may violate due process to bar a short sentence defendant (who would be ineligible for PCRA relief) from raising an ineffectiveness claim on direct appeal, *see O'Berg*, 880 A.2d at 606–07 (Saylor, J., dissenting), the majority clearly considered that the effect of *Grant* and Section 9543(a)(1)(i) was to leave short-sentence

defendants without the availability of collateral review of constitutional claims.

Petitioner argues that pursuant to *Daniels v. United States,* 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001), she is entitled to an opportunity to challenge the constitutionality of her conviction. While the central premise of *Daniels* on which Petitioner relies—"that defendants may challenge their convictions for constitutional infirmity"—is correct, the *Daniels* court observed that the various vehicles to raise constitutional claims (such as on direct appeal, in post-conviction proceedings available under state law, and in a petition for a writ of *habeas corpus* brought pursuant to 28 U.S.C. § 2254), are not available indefinitely and without limitation. "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Id. See also United States v. Olano,* 507 U.S. 725, 731, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (" 'No procedural principle is more familiar to this Court than that a constitutional right ... may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it' " (quoting *Yakus v. United States,* 321 U.S. 414, 444, 64 S.Ct. 660, 88 L.Ed. 834 (1944))). Due process does not require perpetual opportunities for collateral review of constitutional claims, but may impose rational limits in support of the finality of judgments. *Peterkin,* 722 A.2d at 642–43.

Petitioner also relies on *Finley,* 481 U.S. 551, 107 S.Ct. 1990, for the proposition that when a state offers post-conviction procedures, they must comport with fundamental fairness. While we do not disagree with this assertion, *Finley* does not support Petitioner's argument. Rather, the Court in *Finley* rejected the argument that when a State chooses to offer the assistance of counsel to those seeking collateral relief from convictions, the Federal Constitution dictates the exact form such assistance must assume. *Id.* at 559, 107 S.Ct. 1990 ("In Pennsylvania, the State has made a valid choice to give prisoners the assistance of counsel without requiring the full

panoply of procedural protections that the Constitution requires be given to defendants who are in a fundamentally different position—at trial and on first appeal as of right."). *See also Osborne*, 557 U.S. at 68–69, 129 S.Ct. 2308 (holding that when the state offers collateral review, due process does not dictate the exact form of such review).

In reaching this conclusion we are mindful of the recent decision in *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), a federal *habeas* case in which a state prisoner asked the Court to extend a federal constitutional right to the assistance of counsel on state collateral review where collateral review was the prisoner's first opportunity to assail the effectiveness of trial counsel. *See also Holmes*, 79 A.3d at 580–85. The *Martinez* court resolved the issue not on federal constitutional grounds as the prisoner had sought, but on non-constitutional equity grounds, holding that there may be a federal *habeas corpus* remedy for a substantial but defaulted claim of trial counsel ineffectiveness where collateral review was the first opportunity such a claim could have been raised. In such circumstances, collateral review of counsel's ineffectiveness (in failing to raise an issue of trial counsel's ineffectiveness) could be deemed "cause" to excuse a prisoner's procedural default of a trial counsel ineffectiveness claim to obtain federal habeas review.

Although the Commonwealth presents an argument about *Martinez*'s impact on Pennsylvania PCRA practice, we conclude that *Martinez* is distinguishable from the unique facts presented herein, where Petitioner has already completed serving a short sentence. To the extent *Martinez* may afford defendants review in federal court of claims which the state court has not reviewed, such a possibility does not extend to short sentence defendants who, like Petitioner, would not be able to satisfy the custody requirement of the federal habeas statute by being subject to a sentence at the time the federal *habeas* petition is filed. *See Maleng*, 490 U.S. at 490–91, 109 S.Ct. 1923 (observing that the Court has interpreted the federal *habeas corpus* custody requirement as being satisfied

where the petitioner is in custody under the conviction or sentence under attack at the time his petition is filed).

In addition, we agree with the Commonwealth that to the extent that due process guarantees an opportunity to be heard on her ineffectiveness claim, Petitioner was afforded an opportunity to be heard within the limitations imposed by the PCRA under the facts of this case: she was sentenced January 14, 2008; declined to raise her ineffectiveness claims on direct appeal pursuant to *Bomar*; filed a PCRA petition on January 12, 2009; and raised the claim on which the PCRA court ultimately granted relief a mere eleven days prior to the expiration of her two-year probationary sentence. During the two years of her sentence, PCRA relief was available. *See Ahlborn*, 699 A.2d at 720 (holding that under Section 9543(a)(1)(i) a PCRA petitioner is not eligible for relief where the petitioner has completed serving the sentence before final adjudication on the petition). Yet Petitioner neither requested expedited consideration nor raised her claim earlier to afford more time for review.

Consequently, the PCRA did not bar her opportunity to be heard as she asserts and as the PCRA court found. *See Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214, 220 (1999) (holding that where the appellant had the opportunity to bring his petition within the parameters of the jurisdictional requirements of the PCRA, yet did not do so, he cannot complain of a lack of due process). Because it is Petitioner's burden to prove the unconstitutionality of state-law post-conviction procedures as applied, she is in a difficult position to complain that she had insufficient time to obtain relief when she neither attempted to obtain *Bomar*-style review nor gave the PCRA court a fair opportunity to resolve her claim within the statutorily authorized time. *See Osborne*, 557 U.S. at 71, 129 S.Ct. 2308 (placing the burden of proving the inadequacy of state post-conviction procedures to obtain DNA evidence on the defendant, and recognizing the difficulty of meeting this burden where the defendant side-stepped these procedures).

Petitioner also argues that because PCRA relief is unavailable to her, she should be permitted to proceed under the *habeas corpus* statute. *See* 42 Pa.C.S. § 6501 *et seq.* The PCRA court additionally issued a writ of *coram nobis* to grant an evidentiary hearing on Petitioner's ineffectiveness claim. We now address the applicability of these two writs and hold that neither is available to Petitioner.

The PCRA at Section 9542 subsumes the remedies of *habeas corpus* and *coram nobis.* 42 Pa.C.S. § 9542 ("The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis.*" (emphasis added)). The writ of *habeas corpus* exists only in cases in which there is no remedy under the PCRA. *Peterkin,* 722 A.2d at 640. To determine whether Petitioner had a remedy under the PCRA, we consider the PCRA itself as applied to a particular case. *Id.* The PCRA provides specific criteria to be eligible for relief, requiring a petitioner to be serving a sentence and be able to prove that the conviction resulted from one of several enumerated events, including the ineffective assistance of counsel. *See* 42 Pa.C.S. 9543(a). Because Petitioner alleged claims of ineffective assistance of counsel, her claims were cognizable under the PCRA and the writ of *habeas corpus* was not available. *See Peterkin,* 722 A.2d at 641 (holding that because an untimely PCRA · petition was premised on claims that were cognizable under the PCRA, the statutory writ of *habeas corpus* was unavailable). *See also Commonwealth v. Hall,* 565 Pa. 92, 771 A.2d 1232, 1236–37 (2001) ("rare instances" in which review outside of the PCRA is possible are those in which the petitioner "never was eligible for review under the PCRA."); 42 Pa.C.S. § 6503(b) ("Where a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of *habeas corpus* shall not be available if a remedy may be had by postconviction hearing proceedings authorized by law." (emphasis added)).

 The same analysis applies with regard to *corim nobis*,[10] relief which Petitioner has waived by not requesting it below and not presenting it as an alternative basis for affirmance to this Court. To the extent the PCRA subsumed the availability of this writ, it was not available to the PCRA court. 42 Pa.C.S. § 9542. Moreover, as fully discussed herein, this is not a case where extrinsic facts where unknown or unknowable and, if known, would have altered the result.

 Finally, we reject the PCRA court's final alternative ground for relief, which was premised on the Remedies Clause. PA. CONST. art. 1, § 11 ("All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay."). Without analysis, the PCRA court found and Petitioner asserts that the Remedies Clause guarantees a right to the specific remedy she sought: an evidentiary hearing on the merits of her ineffectiveness claim. We find nothing persuasive in this assertion, however, because, as noted, the PCRA made a remedy available to Petitioner "by due course of law" during the duration of her sentence, a remedy which Petitioner did not avail herself of during the time for which she was eligible for relief.

Accordingly, we reverse the PCRA court's holding that the sentence requirement of Section 9543(a)(1)(i) is unconstitutional as applied to Petitioner.

Former Justice ORIE MELVIN did not participate in the consideration or decision of this case.

Chief Justice CASTILLE, Justices EAKIN and McCAFFERY join the opinion.

10. "The writ of error *coram nobis* to nullify or reform a judgment lies only where facts exist extrinsic of the record, unknown and unknowable by the exercise of diligence at the time of its rendition, and which would, if known, have prevented the judgment either in its entirety or in the form in which it was rendered." *Commonwealth v. Harris*, 351 Pa. 325, 41 A.2d 688, 690 (1945) (emphasis added).

Justice SAYLOR files a dissenting opinion.

Justice TODD files a dissenting opinion.

Justice SAYLOR, dissenting.

In *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), this Court expressed a strong preference for deferral of claims of ineffective assistance of counsel to post-conviction review. *See id.* at 67–68, 813 A.2d at 738. In the interceding years, the Court obviously has been divided concerning whether, and to what degree, flexibility should attend the *Grant* rule. *Compare, e.g., Commonwealth v. Liston*, 602 Pa. 10, 17–20, 977 A.2d 1089, 1093–95 (2009), *with id.* at 20–30, 977 A.2d at 1095–1101 (Castille, C.J., concurring, joined by Saylor and Eakin, J.J.), *with id.* at 30–33, 977 A.2d at 1101–03 (Baer, J.). Given the palpable uncertainty in this regard, I fail to see how a postconviction petitioner should be penalized for adhering to the Court's stated (and, for post-*Grant* cases, potentially inflexible) preference.

I also incorporate here, by reference, the thoughts concerning short-sentence scenarios expressed in my concurrence in *Commonwealth v. Holmes*, 621 Pa. 595, 79 A.3d 562, 585–86 (Oct.2013). Although the majority correctly observes that Appellee has not set forth a claim under Article V, Section 9 of the Pennsylvania Constitution, I find that the due process and right-to-counsel concerns that she has asserted overlap with the concern that she should be permitted at least one opportunity to present her constitutional challenges to her judgment of sentence.

Justice TODD, dissenting.

I agree with the view expressed by Justice Saylor in his Dissenting Opinion that post-conviction petitioners such as Appellee should not be penalized for abiding by this Court's mandate in *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), and that Appellee "should be permitted at least one opportunity to present her constitutional challenges to her

judgment of sentence." Dissenting Opinion (Saylor, J.) at 347, 80 A.3d at 771.

Indeed, regarding the majority's contention that Appellee could have relied on *Commonwealth v. Bomar*, 573 Pa. 426, 826 A.2d 831 (2003), to raise her ineffectiveness claims on direct appeal, given that this Court and the lower courts have struggled with the viability of *Bomar*, I find it unfair for this Court to now impute a *requirement* that Appellee should have invoked *Bomar*, on pain of loss of her ability to challenge trial counsel's ineffectiveness. *Bomar* was an optional avenue for raising trial counsel ineffectiveness claims on direct appeal in the unusual situation where: (1) trial counsel withdrew post trial; (2) new counsel was retained and identified claims of trial counsel's ineffectiveness in post-trial motions; and (3) in its discretion, the trial court decided to hold a hearing on those ineffectiveness claims. *Bomar*, 573 Pa. at 463–66, 826 A.2d at 853–55. Critically, none of these requirements were met in Appellee's case.

Yet, despite this, the majority faults Appellee for failing to invoke *Bomar*. To avoid a conclusion that due process principles were offended under the circumstances of this case, it is important to consider the retroactive obligation the majority has thus placed on Appellee. Here, Appellee did not obtain new counsel until she filed her PCRA petition. Therefore, to have invoked *Bomar* as the majority suggests, Appellee would have had to do all of the following within the 10–day period for filing post-sentence motions: First, as under our caselaw counsel is not obliged to raise his own ineffectiveness, Appellee, herself, would have had to identify trial counsel's ineffectiveness. Second, Appellee would have had to seek to replace trial counsel. Third, Appellee would have had to instruct new counsel to file post-sentence motions raising the claims of trial counsel ineffectiveness she previously identified. All in 10 days. And who was obliged to have read this Court's post-*Grant* pronouncements and discern that Appellee was required to take these steps lest she potentially lose her ability to challenge trial counsel's effectiveness? Again, it would appear it was Appellee herself, as trial counsel's own ineffectiveness was implicated. The majority has thus seemingly transformed *Bomar*, intended to provide an optional avenue

for relief under an unusual confluence of events, into a mandate that a counseled litigant act, for a time, *pro se.* The unreasonableness of such expectation should be obvious. That resort to *Bomar* is insufficient to satisfy due process in this case is equally so.

For all these reasons, I dissent.