J-S64004-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLARENCE ALLEN BELSAR | |
| Appellant | No. 1131 WDA 2014 |

Appeal from the Judgment of Sentence June 27, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000234-2014

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED OCTOBER 23, 2014**

Clarence Allen Belsar appeals from the judgment of sentence imposed in the Court of Common Pleas of Fayette County after he pled guilty to one count each of luring a child into motor vehicle,[1] corruption of minors,[2] and two minor drug charges.  On appeal, Belsar challenges the constitutionality of the registration provisions of the Sexual Offender Registration and Notification Act ("SORNA"),[3] 42 Pa.C.S.A. §§ 9791-9799.  Upon review, we affirm.

_____

[1] 18 Pa.C.S.A. § 2910(a).

[2] 18 Pa.C.S.A. § 6301(a)(1).

[3] On December 20, 2011, the legislature replaced Megan's Law with SORNA, effective December 20, 2012, in order to strengthen registration requirements for sex offenders and to bring Pennsylvania into compliance with the Adam Walsh Child Protection and Safety Act, 42 U.S.C.A. § 16901
*(Footnote Continued Next Page)*

On April 3, 2014, Belsar entered a plea of guilty to the above-mentioned charges. Thereafter, the trial court ordered an assessment by the Sexual Offender Assessment Board, which concluded that Belsar was not a sexually violent predator (SVP). On June 27, 2014, Belsar was sentenced to a term of nine to twenty-three months' incarceration on the conviction for luring,[4] a Tier 1 offense, and was ordered to register as a sexual offender for a period of fifteen years pursuant to section 9799.23 of SORNA.

Belsar filed a timely notice of appeal, followed by a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On appeal, he challenges the constitutionality of the registration provisions of SORNA. In particular, Belsar asserts that the requirement that he register for a period of fifteen years is both an illegal sentence and unconstitutional, where the statutory maximum penalty for the underlying crime is only five years. We find this claim unavailing.

We begin by noting that Belsar challenges the constitutionality of a statute, which presents a pure question of law. *Commonwealth v. Turner*, 80 A.3d 754, 759 (Pa. 2013). Accordingly, our standard of review is de novo and our scope of review is plenary. *Id.*

_(Footnote Continued)_ ───────────────────

*et seq*. *Commonwealth v. Sampolski*, 89 A.3d 1287, 1288 (Pa. Super. 2014).

[4] The court imposed no further penalty on the remaining three charges.

Recently, this Court rejected a nearly identical challenge to the constitutionality of the SORNA registration provisions. In *Commonwealth v. McDonough*, 96 A.3d 1067 (Pa. Super. 2014), the appellant was convicted of indecent assault, which carries a statutory-maximum penalty of two years. Appellant was classified as a non-SVP Tier 1 offender and required to register as a sexual offender for a period of fifteen years under SORNA. On appeal, McDonough claimed it was "unconstitutional and illegal to require an individual to register as a sex offender for 15 years for a crime that carries a maximum penalty of only two years in prison." *Id.* at 1070. McDonough relied on *Commonwealth v. Williams*, 832 A.2d 962 (Pa. 2003), in which our Supreme Court upheld the registration, notification and counseling requirements of Megan's Law II, but struck down as constitutionally infirm the penalty provisions used to enforce those requirements. However, McDonough's reliance on *Williams* was inapposite, as the Court explicitly found that the registration and notification provisions of Megan's Law II[5] were "non-punitive, regulatory measures supporting a legitimate governmental purpose." *Id.* at 986. For the same reason, Belsar's reliance on *Williams* is misplaced and his claim is without merit.

_____

[5] While *Williams* was decided under Megan's Law II, prior to the effective date of SORNA, "the same principles behind the registration requirements for sexual offenders under Megan's Law apply to those subject to SORNA. Namely, to effectuate, through remedial legislation, the non-punitive goal of public safety." *McDonough*, 96 A.3d at 1071.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/23/2014