J-S25028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HUI XU | : | |
| | : | |
| Appellant | : | No. 1506 WDA 2021 |

Appeal from the PCRA Order Entered November 19, 2021
In the Court of Common Pleas of Westmoreland County Criminal Division at
No(s):  CP-65-CR-0001572-2019

BEFORE:  BENDER, P.J.E., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: AUGUST 22, 2022**

Appellant, Hui Xu, appeals from the November 19, 2021 Order entered in the Westmoreland County Court of Common Pleas dismissing her first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  Appellant challenges the PCRA court's conclusion that she is ineligible for relief because she is no longer serving a sentence.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On April 18, 2019, the Commonwealth charged Appellant, a Chinese national, with two counts each of Corrupt Organizations, Dealing in the Proceeds of Illegal Activity, and Trafficking in Individuals, and one count each of Promoting Prostitution and Criminal Conspiracy, arising from her ownership of four massage parlors to which she transported women for the purpose of engaging in prostitution.

On December 12, 2019, with the aid of a Cantonese translator and upon advice of her counsel, Appellant entered into a negotiated guilty plea to two counts of Trafficking and one count each of Promoting Prostitution and Criminal Conspiracy. That same day, the trial court sentenced Appellant pursuant to her plea to three concurrent terms of one year less one day to two years less two days incarceration in county jail. The court awarded Appellant 260 days' credit for time served. Appellant did not seek to withdraw her guilty plea at any time or file a post-sentence motion or direct appeal from her judgment of sentence.

On July 16, 2020, Appellant filed the instant counselled PCRA petition asserting that her plea counsel, Anastasia Williams, Esquire, had rendered ineffective assistance of counsel by failing to advise Appellant that her guilty plea would likely result in her deportation. Petition, 7/16/20, at ¶ 15. She also claimed that she entered her guilty plea unintelligently, was without the aid of an interpreter when consulting with Attorney Williams, did not have the aid of an interpreter when reviewing the Westmoreland County Guilty Plea Petition, and did not complete the guilty plea petition that would have advised her of the possibility that a guilty plea may be grounds for deportation. *Id.*

Appellant completed her sentence on March 18, 2021.

On April 28, 2021, the PCRA court entered an order directing the Westmoreland County court administrator to schedule a hearing on Appellant's PCRA petition. The order noted that "delays in scheduling [a]

PCRA hearing have occurred due to COVID restrictions, lack of access to a Chinese translator, and [Appellant's] recent apprehension by ICS." Order, 4/28/21, at ¶ 4.

Appellant's PCRA hearing took place on July 15, 2021.[1] Following its consideration of the testimony elicited at the hearing and the parties' briefs, the PCRA court denied Appellant's petition. The PCRA court concluded that, because Appellant was no longer serving her judgment of sentence, she was ineligible for relief under the PCRA and had not established that the delay in adjudicating her petition had deprived her of due process.

This appeal followed. Appellant complied with the court's order to file a Pa.R.A.P. 1925(b) statement. The PCRA court filed a memorandum in lieu of a Rule 1925(a) opinion referring this Court to the reasons provided in its November 19, 2021 Order and Opinion in support of dismissal.

Appellant raises the following two issues for our review:

1. [Whether] the [PCRA c]ourt erred in determining that [] Appellant was not entitled to [PCRA] relief because she "was no longer in custody?" The delay in the PCRA's adjudication was unreasonable and deprived [Appellant] of her constitutional right to due process.

---

[1] At the hearing, the Commonwealth presented the testimony of, *inter alia*, Attorney Williams. In sum, Attorney Williams testified that an interpreter was present every time she interacted with Appellant, that she had "spent extensive time" reviewing Appellant's rights concerning the guilty plea as well as her trial and appellate rights, and that she suggested "several times" that Appellant contact an immigration attorney for advice regarding the potential immigration consequences of a guilty plea. N.T. PCRA Hr'g, 7/15/21, at 22, 26-27.

2. Whether [t]rial [c]ounsel, Anastasia Williams[,] was ineffective by not engaging an interpreter fluent in Chinese during her discussion with [] Appellant, who did not understand English, when discussing the consequences of entering pleas of guilty, her "actual innocence," and including but not limited to the direct ramifications of her being deported to her native China to the criminal charges which caused said pleas to be unknowingly, unwillingly, un-intelligently[,] and unlawfully induced which so undermined the truth-finding process that no reliable adjudication of guilt could have taken place[?]

Appellant's Brief at 4 (reordered for ease of disposition).

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. **Commonwealth v. Jarosz**, 152 A.3d 344, 350 (Pa. Super. 2016) (citing **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014)). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010).

To be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that he is "currently serving a sentence of imprisonment, probation[,] or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i). A petitioner who has completed his sentence is no longer eligible for post-conviction relief. **Commonwealth v. Soto**, 983 A.2d 212, 213 (Pa. Super. 2009); **see also Commonwealth v. Turner**, 80 A.3d 754, 765 (Pa. 2013) ("[D]ue process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence."). This is so even if the petitioner filed his PCRA petition during

the pendency of his sentence. *Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa. Super. 2009) ("As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition."). *See also Commonwealth v. Plunkett*, 151 A.3d 1108, 1112-13 (Pa. Super. 2016) (affirming the PCRA court's order denying relief where the petitioner's sentence expired while his appeal from the PCRA court's order was pending before this Court).

Appellant concedes that she is no longer serving a sentence of imprisonment, probation, or parole. Appellant's Brief at 12. Nevertheless, in her first issue, she argues that, because she was allegedly deprived of effective representation of counsel, this Court should "carve out an additional exception to the bar to Appellant's PCRA [p]etition" in the interest of "fundamental fairness."[2] *Id.* at 14-15.

In urging this Court to "carve out an exception" to benefit Appellant, she cites our Supreme Court's opinion in *Turner*, in which she alleges our Supreme Court provided "a possible exception" to the requirement that a petitioner must be serving a sentence in order to be eligible for PCRA relief. *Id.* at 13. Appellant relies on the *Turner* Court's discussion of the general principle that "fundamental fairness" is a requirement of due process in support of her claim that because *Turner* provided a "possible exception"

_____

[2] This issue presents a question of law over which we exercise plenary review. *Commonwealth v. Turner*, 80 A.3d 754, 759 (Pa. 2013).

that this Court should do the same for her. *Id.* (citing *Turner*, 80 A.3d at 768).

Following our review, we conclude that *Turner* does not support Appellant's argument. In *Turner*, the defendant completed her two-year sentence of probation after she had filed a PCRA petition alleging ineffective assistance of trial counsel. 80 A.3d at 758. The Commonwealth filed a motion to dismiss the defendant's petition on the basis that she was ineligible for relief under the PCRA because she was no longer serving a sentence. *Id.* In response, the defendant argued that the dismissal of her petition would violate her due process rights by denying her any opportunity to vindicate her right to the effective assistance of counsel. *Id.* The PCRA court agreed. *Id.* Our Supreme Court reversed, however, concluding that, because the defendant was no longer serving a sentence, she no longer had a protected liberty interest that implicated her due process rights. *Id.* at 765-66. The Court concluded "the statutory limitation of collateral review to individuals serving a sentence of imprisonment, probation, or parole is consistent with the due process prerequisite of a protected liberty interest." *Id.* at 766. Thus, the defendant in *Turner*, like Appellant, was ineligible for collateral relief.

Appellant also urges this Court to apply the holding in *Commonwealth v. Delgros*, 183 A.3d 352 (Pa. 2018), a case where the defendant was sentenced only to pay a fine and restitution and not to imprisonment, probation, or parole and had raised an ineffective assistance

of counsel claim in a post-sentence motion. In reversing this Court, the Supreme Court "require[d] trial courts to examine ineffectiveness claims [raised in post-sentence motions] when the defendant is ineligible for PCRA review." *Id.* at 353. *Delgros* is clearly distinguishable from the instant case given that Appellant was sentenced to a term of incarceration. We, thus, decline to apply its holding.

In sum, because Appellant completed her sentence before the PCRA court ruled on the merits of her ineffective assistance of counsel claims, her claims are no longer cognizable under the PCRA and the PCRA court properly denied her PCRA petition. Accordingly, we affirm.[3]

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2022

_____

[3] In light of our disposition, we need not address Appellant's remaining issue.