J-S37030-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DWAYNE M. MORNINGWAKE | |
| Appellant | No. 2120 MDA 2013 |

Appeal from the PCRA Order entered November 4, 2013
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0001999-1988

BEFORE: LAZARUS, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.: **FILED AUGUST 25, 2014**

Appellant, Dwayne M. Morningwake, appeals from the November 4, 2013 order of the York County Court of Common Pleas denying his petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we conclude the petition is untimely. Accordingly, we affirm the trial court's order.

We assume the parties' familiarity with the facts and the procedural history of the case.[1] For a recitation of the factual background, we direct the

_____

[1] Appellant's convictions result from crimes that occurred in June 1988, when Appellant was approximately fifteen years and 11 months old. On April 14, 1989, a jury convicted Appellant of murder in the first degree, robbery, burglary, and criminal conspiracy to commit murder. On September 4, 1990, the trial court sentenced Appellant to life imprisonment for murder in the first degree, 8 to 16 years incarceration for robbery, 1 to 2 years incarceration for burglary, and no further penalty for criminal conspiracy. This Court affirmed the judgment of sentence on direct appeal
*(Footnote Continued Next Page)*

reader to this Court's opinions issued in connection with Appellant's direct appeal and first PCRA petition.

Appellant raises the following issue for our review:

Did the PCRA [c]ourt err in dismissing the Appellant's PCRA [p]etition on the grounds that the court did not have jurisdiction to hear the matter because of the ruling in **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013)?

Appellant's Brief at 5.

Before we can address the merits of the claims, we must determine the timeliness of the instant PCRA petition because we have no jurisdiction to entertain any review of the claim if the petition is untimely. **Commonwealth v. Watts**, 23 A.3d 980, 983 (Pa. 2011).[2]

_____

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

on July 25, 1991. **See Commonwealth v. Morningwake**, 595 A.2d 158 (Pa. Super. 1991). Our Supreme Court denied Appellant's petition for allowance appeal on November 25, 1991. **See Commonwealth v. Morningwake**, 600 A.2d 535 (Pa. 1991). Appellant then filed a petition for writ of mandamus with the Pennsylvania Supreme Court, which was denied on April 21, 1994. Appellant filed his first PCRA petition in May 2005. After the trial court denied relief, this Court affirmed the denial in 2007. **See Commonwealth v. Morningwake**, 944 A.2d 796 (Pa. Super. 2007) (unpublished memorandum)

[2] The timeliness requirements also apply to challenges to the legality of sentence. **See Commonwealth v. Holmes**, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.") (citing **Commonwealth v. Fahy**, 737 A.2d 214, 223 (1999)). Similarly, the constitutional dimension of the allegations does not shield from the jurisdictional time bar. **See**, **e.g.**, **Commonwealth v. Turner**, 80 A.3d 754, 767 (Pa. 2013).

The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b).

In the instant case, Appellant's judgment became final ninety days after November 25, 1991, when the Pennsylvania Supreme Court denied his petition for allowance of appeal. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup. Ct. R. 13; *see also Commonwealth v. Monaco*, 996 A.2d 1076, 1081 n.2

(Pa. Super. 2010).  The instant PCRA petition, which is the second one, is patently untimely because it was filed on June 30, 2010.

The one-year time limitation can be overcome if a petitioner alleges and proves one of the exceptions set forth in Section 9545(b)(1)(i)-(iii). Here, however, Appellant did not even try to allege any exception.[3]  In fact, Appellant asks this Court to grant a "good faith extension of the existing PCRA time-bar exceptions."  Appellant's Brief at 12.  We decline the invitation.  "As the Supreme Court stated in [**Commonwealth v. Eller**, 807 A.2d 838 (Pa. 2002), and then again in [**Commonwealth v. Robinson**, 837 A.2d 1157 (Pa. 2003)], we do not have authority to create *ad hoc* equitable exceptions to the PCRA time-bar rule."  **Commonwealth v. Johnson**, 841 A.2d 136, 140 (Pa. Super. 2003).  Accordingly, we conclude the petition is untimely, and the trial court properly dismissed the petition.

Order affirmed.

_____

[3] As also noted by Appellant, the only exception potentially relevant for purposes of subsection 9545(b)(1)(iii) is the U.S. Supreme Court's decision in **Miller v. Alabama**, __ U.S. ___, 132 S.Ct. 2455 (2012).  Appellant acknowledges, however,  that our Supreme Court in **Cunningham** held that the U.S. Supreme Court's ban on sentencing schemes that impose a mandatory life sentence without the possibility of parole for juveniles announced in **Miller** does not apply retroactively.  **Cunningham**, 81 A.3d at 10.  As such, Appellant acknowledges he cannot rely on **Miller** to establish jurisdiction.  Appellant's Brief at 10.  **See also Commonwealth v. Seskey**, 86 A.3d 237, 243 (Pa. Super. 2014) (**Miller** does not apply retroactively and does not permit assertion of otherwise time-barred Eight Amendment claim under the subsection 9545(b)(1)(iii) exception).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2014