J-S33038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANK J. BOSLET, JR. | |
| Appellant | No. 3153 EDA 2013 |

Appeal from the Order Dated October 8, 2013
In the Court of Common Pleas of Monroe County
Criminal Division at No: CP-45-CR-0002748-2010

BEFORE:  FORD ELLIOTT, P.J.E., OLSON, and STABILE, JJ.

JUDGMENT ORDER BY STABILE, J.:                **FILED AUGUST 25, 2014**

Appellant, Frank J. Boslet, Jr., appeals from the October 8, 2013 order dismissing his petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541-46 ("PCRA").  We affirm.

Appellant was convicted of DUI–high rate of alcohol,[1] after a May 25, 2011 bench trial.  On June 28, 2011, the trial court imposed a sentence of thirty days to six months of incarceration.  The trial court deferred the sentence pending the outcome of Appellant's direct appeal.  This Court affirmed the judgment of sentence on June 21, 2012.  The Supreme Court denied allowance of appeal on December 26, 2012.  On April 11, 2013, the trial court issued an order dissolving an outstanding bench warrant and

_____

[1]  75 Pa.C.S.A. § 3802(b).

directing Appellant to begin serving his sentence. The trial court paroled Appellant on May 16, 2013 and his sentence expired on October 9, 2013, one day after the PCRA court dismissed Appellant's timely first PCRA petition.[2]

Persons no longer serving a sentence are ineligible for PCRA relief. 42 Pa.C.S.A. § 9543(a)(1)(i). This is so even where the petitioner files a PCRA petition while still serving a sentence. **Commonwealth v. Hart**, 911 A.2d 939, 942 (Pa. Super. 2006) ("As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition."). As Appellant is no longer eligible for relief, we affirm the PCRA court's order.[3]

Order affirmed.

_____

[2] Appellant styled the petition as one for PCRA relief or, in the alternative, a writ of *coram nobis*. Appellant's brief does not contain any argument pertaining to the latter.

[3] Appellant cites **Commonwealth v. Turner**, 80 A.3d 754, 764 (Pa. 2013), for the proposition that Article V, § 9 of the Pennsylvania Constitution guarantees the right to have a Common Pleas court decision reviewed by an appellate court. While this is a correct statement of the law, nothing in Article V, § 9 cabins this Court's authority to affirm or reverse a Common Pleas Court order in accordance with applicable law. We have afforded Appellant the review to which he is entitled, and concluded he is ineligible for relief under the PCRA.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/25/2014</u>