J-A30014-12

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID JONATHAN WEAVER, | : | |
| | : | |
| Appellant | : | No. 489 MDA 2012 |

Appeal from the Judgment of Sentence Entered December 19, 2011,
In the Court of Common Pleas of Lancaster County, Criminal Division,
at Nos. CP-36-CR-0000183-2011 and CP-36-CR-0000184-2011.

BEFORE: SHOGAN, LAZARUS and OTT, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED SEPTEMBER 23, 2014**

Appellant, David Jonathan Weaver, appeals from the judgment of sentence entered following his conviction of numerous counts of rape and indecent sexual assault. This case returns to this Court on remand from our Supreme Court for further consideration in light of its opinion in *Commonwealth v. Neiman*, 84 A.3d 603 (Pa. 2013).[1] Upon review, we vacate the judgment of sentence entered pursuant to Megan's Law III and remand to the trial court for resentencing.

The trial court summarized the history of this case as follows:

---

[1] In *Commonwealth v. Neiman*, 84 A.3d 603 (Pa. 2013), our Supreme Court held unconstitutional amendments to Megan's Law (Megan's Law III) because the enacting legislation violated the Single Subject Rule. *Id*. at 605, 616.

The charges in this matter stemmed from nine years of [Appellant] sexually violating his minor stepdaughter, K.H. [Appellant] began his course of inappropriately touching K.H. when she was nine years old. At that time, [Appellant] had been married to K.H.'s mother for one year and had lived with her for two years. [Appellant] and nine-year-old K.H. were in [Appellant's] truck heading home from the mall when [Appellant] forced K.H.'s hand down his pants and told her to rub his penis. Over time, the contacts escalated to vaginal and anal penetration. The conduct continued for the following nine years until K.H. left for college.

The year prior to K.H. leaving for college, [Appellant] went on a hunting trip with his friend, Tim Heller. [Appellant] discussed his inappropriate sexual acts on K.H. with Mr. Heller. Sometime thereafter, Mr. Heller disclosed this information with a police officer, who was also his brother-in-law. His brother-in-law relayed the information to the Lancaster Bureau of Police and an investigation into the matter began.

In the fall of 2010, K.H. was unaware of the investigation and proceeded to college. When she came home for Thanksgiving break, Detective Harnish reached K.H. by phone. She agreed to meet him at the police station. During the interview, K.H. discussed what [Appellant] did to her, but she did not go into detail. She did not wish to press charges at that time. Thereafter, K.H. went back to college until Christmas break. When K.H. returned to Lancaster, she told her mother that [Appellant] raped her. On December 22, 2010, K.H. returned to the police station where she spoke to Detective Harnish and Officer Ramos. She provided more detail than she had during her earlier interview in November.

As part of her meeting, she consented to conducting wiretap telephone conversations with [Appellant]. K.H. made a series of three telephone conversations with [Appellant]. K.H. explained that she was in therapy at college and needed help remembering everything that happened to her. [Appellant] told K.H. that everything started when she was twelve. He expressed remorse and [attributed] his actions to weakness, but did not provide detailed answers to K.H.'s questions. Rather, he asked

her several times to not talk to her mother and to make sure she saw a private counselor that would keep sessions confidential.

On December 22, 2010, [Appellant] was charged with indecent assault[1] (five counts), indecent exposure,[2] aggravated indecent assault,[3] rape[4] (two counts), statutory sexual assault,[5] involuntary deviate sexual intercourse[6] (five counts), sexual assault[7] (three counts), criminal attempt at aggravated indecent assault,[8] corruption of minors,[9] and unlawful contact with a minor,[10] all related to incidents with K.H. [Appellant] proceeded to trial on July 11, 2011. At trial, the Commonwealth presented Mr. Heller, who testified about his hunting trip with [Appellant] and the disclosures [Appellant] made during the trip. Then K.H. took the stand. She recounted numerous sexual assaults and inappropriate actions by [Appellant]. K.H. was able to recall different incidents of sexual contact with specificity. She explained that although many of the incidents blended together because of the numerous occurrences, she was able to remember certain encounters because they coincided with significant times in her life.

[1] 18 Pa.C.S.A. § 3126(a).
[2] 18 [Pa.C.S.A.] § 3127(a).
[3] 18 Pa.C.S.A. §3215(a)(7).
[4] 18 Pa.C.S.A. § 3121(a)(1).
[5] 18 Pa.C.S.A. §3122.1.
[6] 18 Pa.C.S.A. § 3123(a).
[7] 18 Pa.C.S.A. § 3124.1.
[8] 18 Pa.C.S.A. § 901(a).
[9] 18 [Pa.C.S.A.] § 6301 (a)(1).
[10] 18 Pa.C.S.A. § 6318(a)(1).

K.H. also authenticated her taped telephone conversations, which the Commonwealth then played for the jury. K.H. described a birthmark on [Appellant's] penis that was not visible when it was flaccid. Detective Harnish later corroborated K.H.'s description of the birthmark with photographs obtained pursuant to a warrant. Detective Harnish, the investigating officer in this matter, was present and in the courtroom during K.H.'s testimony. As a witness, he told the jury that K.H.'s earlier testimony was consistent with what she told him during their December 2010 meeting at the police station.

Prior to closing arguments, defense counsel made numerous motions for judgment of acquittal. Defense counsel argued, regarding various counts, that the testimony presented lacked specificity compared to the allegations in the Information. Three counts were ultimately dismissed. Regarding the criminal attempt at aggravated indecent assault count, the Commonwealth asserted that [Appellant] attempted to insert his fingers into the vagina of K.H. in August 2010. Defense counsel argued K.H.'s testimony that described the incident as "same old, same old" was insufficient to submit the count to the jury. The Court agreed and this count was dismissed.

Regarding two counts of indecent assault by forcible compulsion, defense counsel argued the elements as alleged were not made out by the evidence presented. The Commonwealth responded that the Information listed the correct statute and grading, but contained a technical defect in that the definitions were incorrect. The Commonwealth initially sought to amend the Information; however, prior to the Court's ruling, the counts were dismissed by agreement of the parties. The remaining seventeen counts were renumbered, also by agreement of the parties.

Following deliberations, the jury found [Appellant] guilty on all but three counts, indecent assault without consent, indecent sexual assault by forcible compulsion, and rape by forcible compulsion. The Court ordered a presentence investigation and a sex offender assessment. The Pennsylvania Sexual Offenders Assessment Board ("Board") submitted their opinion that [Appellant] met the criteria for classification as a sexually violent predator ("SVP") under Megan's Law. On December 19, 2011, [Appellant] proceeded to a hearing on his SVP status and sentencing. With the benefit of the Board's assessment and a [pre]-sentence investigation, the Court deemed [Appellant] a sexually violent predator and sentenced him to an aggregate term of fourteen to thirty years of state imprisonment.

On December 29, 2011, [Appellant] filed a motion for post-sentence relief which was denied by Order of January 24,

> 2012. [Appellant] filed the instant timely appeal on February 22, 2012.

Trial Court Opinion, 4/26/12, at 1-4.

On December 3, 2012, this Court affirmed in part and vacated in part the judgment of sentence of the trial court in an unpublished memorandum decision. ***Commonwealth v. Weaver***, 489 MDA 2012, 64 A.3d 9 (Pa. Super. filed December 3, 2012) (unpublished memorandum). Specifically, this Court vacated the portion of Appellant's judgment of sentence concerning restitution and remanded for resentencing. However, this Court found no merit to Appellant's challenge to the constitutionality of Megan's Law III due to its passing through the General Assembly in violation of the "single subject rule."[2] Thus, Appellant's judgment of sentence was affirmed, except for the portion of the original sentence dealing with restitution.

Thereafter, on January 2, 2013, Appellant filed with our Supreme Court a petition for allowance of appeal. On July 11, 2014, our Supreme Court granted the petition for allowance of appeal limited to Appellant's issue pertaining to the constitutionality of Megan's law III, vacated this Court's previous decision in this matter, and remanded to this Court for reconsideration in light of ***Neiman***. ***Commonwealth v. Weaver***, 7 MAL

---

[2] "No bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a general appropriation bill or a bill codifying or compiling the law or a part thereof." Pa. Const. Art. III, § 3.

2013, \_\_\_ A.3d \_\_\_, (Pa. filed July 11, 2014).[3] The Supreme Court denied *allocator* as to all of Appellant's other issues. Because our Supreme Court's order granted allowance of appeal only for reconsideration of our decision in light of the Supreme Court's decision in **Neiman**, we confine our review to that issue.

As Appellant's issue challenges the constitutionality of Megan's Law III, we begin by setting forth our appropriate standard of review. "We note that

_____

[3] The complete text of our Supreme Court's order provides as follows:

> AND NOW, this 11th day of July, 2014, the Petition for Allowance of Appeal is GRANTED, LIMITED to the following issue as stated by [Appellant]:
>
> > Whether, if Act 152 violates the single-subject rule of Article III, Section 3 of the Pennsylvania Constitution, Megan's Law can be sustained by severance of the remaining portions of Act 152 of 2004.
>
> The Superior Court's decision is VACATED, based on our decision in Commonwealth v. Neiman, 84 A.3d 603 (Pa. 2013), to the extent that it upheld the amendments to Megan's Law, and the matter is REMANDED for reconsideration in light of Commonwealth v. Neiman, 84 A.3d 603 (Pa. 2013). Allocatur is DENIED as to all remaining issues.
>
> Justice Stevens notes his dissent to the order, as he would vote to grant allocatur to revisit this Court's decision in Commonwealth v. Neiman, 84 A.3d 603 (Pa. 2013), which struck down Act 152, P.L. 1243 No. 152 (2004) as unconstitutional under the single subject rule of Article III, Section 3 of the Pennsylvania Constitution.

Supreme Court Order, 7 MAL 2013, 7/11/14, at 1.

duly enacted legislation carries with it a strong presumption of constitutionality." ***Commonwealth v. Turner***, 80 A.3d 754, 759 (Pa. 2013) (citation omitted). "A presumption exists '[t]hat the General Assembly does not intend to violate the Constitution of the United States or of this Commonwealth' when promulgating legislation." ***Commonwealth v. Baker***, 78 A.3d 1044, 1050 (Pa. 2013) (quoting 1 Pa.C.S. § 1922(3)).

> In conducting our review, we are guided by the principle that acts passed by the General Assembly are strongly presumed to be constitutional, including the manner in which they were passed. Thus, a statute will not be found unconstitutional unless it clearly, palpably, and plainly violates the Constitution. If there is any doubt as to whether a challenger has met this high burden, then we will resolve that doubt in favor of the statute's constitutionality.

***Commonwealth v. Neiman***, 84 A.3d 603, 611 (Pa. 2013) (quotation marks and citations omitted). As the constitutionality of a statute presents a pure question of law, our standard of review is *de novo* and our scope of review is plenary.

In support of the issue currently before us on remand, Appellant notes that Megan's Law III was passed despite the fact that the originating bill, Senate Bill 92, also contained provisions pertaining to Pennsylvania's Deficiency Judgment Act. Appellant's Brief at 12. Appellant argues that Article III, Section 3 of the Pennsylvania Constitution prohibits the General Assembly from passing a law containing more than one subject - commonly referred to as the "Single Subject Rule." Appellant argues that because the

law enacting Megan's Law III contains more than one subject, its application is unconstitutional, and the trial court's determination that Appellant is a sexually violent predator must be vacated. *Id*. at 13.

As Appellant properly notes, this Court had occasion to consider the constitutionality of Megan's Law III, in light of the Article III, Section 3 restriction against the passage of bills containing more than one subject. Appellant's Brief at 12-13 (citing *Commonwealth v. Neiman*, 5 A.3d 353 (Pa. Super. 2010 (*en banc*)). This Court held in *Neiman* that Megan's Law III is constitutional on the basis that the other provisions were not germane to the over-arching subject-matter of Megan's Law III, namely, the regulation of sexual predators. *Neiman*, 5 A.3d at 360.

In particular, we began our analysis in *Neiman* with a survey of case law applying the single subject rule. *Id*. at 356-357. We then noted our Supreme Court's definition of "subject" as follows:

> [t]hose things which have a "proper relation to each other," which fairly constitute parts of a scheme to accomplish a single general purpose, "relate to the same subject" or "object." And provisions which have no proper legislative relation to each other, and are not part of the same legislative scheme, may not be joined in the same act.

*Id*. at 357 (quoting *Payne v. School District of Borough of Coudersport*, 31 A. 1072 (Pa. 1895)). Upon reviewing the legislative history of Megan's Law, we concluded that only twelve percent of Senate Bill 92 pertained to the Deficiency Judgment Act. *Id*. at 358. Relying on our

Supreme Court's holding in **Pennsylvanians Against Gambling Expansion Fund, Inc. et al. v. Commonwealth of Pennsylvania, et al.**, 877 A.2d 383, 393 (Pa. 2005), the *en banc* Court in **Neiman** held that, although the disparate provisions did not address the same subject, the extraneous provisions could be severed from the centerpiece provisions pertaining to Megan's Law III. Once severed, Megan's Law III provisions were held to be constitutional. Conversely, the extraneous provisions were stricken as violative of Article III, Section 3 of the Pennsylvania Constitution. **Neiman**, 5 A.3d at 359-360. Such was the state of the law at the time of this panel's initial disposition in this case.

Consequently, we declined Appellant's invitation to disregard this Court's *en banc* holding in **Neiman** simply because of its status as "on appeal" to our Supreme Court. Rather, this panel determined that we were bound by this Court's *en banc* holding in **Neiman**, and we concluded Appellant's issue was without merit. However, our Supreme Court accepted allowance of appeal from our *en banc* decision in **Neiman**, determined that the state legislature violated the single subject rule when it enacted Megan's Law III along with other provisions of Act 152, reversed the order in this Court's *en banc* ruling, and struck down, in its entirety, Act 152, which included Megan's Law III, as violative of Article III, Section 3 of the

Pennsylvania Constitution. ***See Commonwealth v. Neiman***, 84 A.3d 603 (Pa. 2013).

In light of our Supreme Court's disposition in ***Neiman*** striking the entirety of Act 152 as violative of the Pennsylvania Constitution, we are constrained to vacate Appellant's judgment of sentence with regard to his determination as a sexually violent predator under Megan's Law III, which subjected him to the registration requirements pursuant to Megan's Law III. Hence, we vacate the judgment of sentence of the trial court entered pursuant to Megan's Law III and remand for resentencing. Because our Supreme Court denied Appellant's petition for allowance of appeal regarding Appellant's remaining issues, our previous disposition as to those claims stands.

Judgment of sentence affirmed in part and vacated in part. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/23/2014