J-S72026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
DAVID AGNELLO, :
:
Appellant : No. 658 WDA 2014

Appeal from the PCRA Order Entered March 24, 2014,
In the Court of Common Pleas of Jefferson County,
Criminal Division, at No. CP-33-CR-0000085-2011.

BEFORE: BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.*

JUDGMENT ORDER BY SHOGAN, J.: **FILED NOVEMBER 20, 2014**

David Agnello ("Appellant") appeals *pro se* from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546.[1] We affirm.

A jury convicted Appellant of simple assault on November 17, 2011. The trial court imposed a sentence of twelve to twenty-four months of incarceration on February 1, 2012. We affirmed the judgment of sentence on April 1, 2013. Appellant filed a *pro se* PCRA petition on January 31, 2014. The PCRA court dismissed Appellant's petition for lack of jurisdiction

---

*Retired Senior Judge assigned to the Superior Court.

[1] The Commonwealth has not filed a responsive brief.

because Appellant was no longer serving a sentence. PCRA Court Opinion, 2/3/14, at 1–2.

To be eligible for collateral relief, a PCRA petitioner must plead and prove, *inter alia*, that he is serving a sentence of imprisonment, probation, or parole for the crime. 42 Pa.C.S. § 9543(a)(1)(i). In the case at hand, the PCRA court found—and our review of the record confirms—that Appellant's sentence "maxed out even before the next business day following [the] filing" of his petition. PCRA Court Notice of Intention to Dismiss, 2/3/14, at 2; Sentencing Order, 2/1/12 ("Undergo incarceration in a state correctional facility for a minimum of one (1) year to a maximum of two (2) years").[2] Therefore, because Appellant is no longer serving a sentence as of February 1, 2014, he is not eligible for collateral relief. ***Accord Commonwealth v. Turner***, 80 A.3d 754 (Pa. 2013), *cert. denied*, 134 S.Ct. 1771 (2014) ("Eligibility for relief under the PCRA is dependent upon the petitioner currently serving a sentence of imprisonment, probation, or parole for the crime. 42 Pa.C.S. § 9543(a)(1)(i).").

Order affirmed.

---

[2] We note that the sentencing order erroneously indicates Appellant entered a guilty plea to the simple assault charge. Sentencing Order, 2/1/12.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2014