J. S61001/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ALONZO KEMP, | : | No. 775 WDA 2012 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, March 12, 2012,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0000453-2010

BEFORE:  FORD ELLIOTT, P.J.E., WECHT AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED DECEMBER 03, 2014**

Appellant appeals from the judgment of sentence entered March 12, 2012.  Finding no error, we affirm.

The trial court accurately related the factual background:

> On October 23, 2009, the Defendant was pulled over in the Garfield section of the City of Pittsburgh for traffic violations, including having tinted windows and brake lights that were not working.  (T.R. 11/29/11, pp. 70, 73, 74).  When officers asked the Defendant to step out of his vehicle, he did so, telling officers that he just had "a little bag of weed" on his person.  (T.R. 11/29/11, p. 80).  However, when he was searched by police, they discovered cocaine, marijuana and heroin, with a total estimated value of $1000, along with $334 in cash and two (2) cell phones.  (T.R. 11/29/11, pp. 81-82, 86-87, 93).

Trial court opinion, 7/3/14 at 1-2.

_____

* Retired Senior Judge assigned to the Superior Court.

While the factual background is straightforward, the procedural history is somewhat complex due to the involvement of multiple counsel on behalf of appellant and appellant's additional **pro se** filings. We will simplify the history noting only those matters germane to the issue on appeal.

On June 23, 2010, counsel for appellant filed a motion to suppress. At the ensuing hearing on August 16, 2010, testimony was taken from the arresting officers. It was appellant's theory that the traffic stop was pretextual and the subsequent pat-down illegal. At the hearing, Officer Michael Saldutte testified that as appellant was exiting his vehicle, he stated, "ah, man, all I have is a little bag of weed on me." (Notes of testimony, 8/16/10 at 11.) On August 19, 2010, the trial court denied the motion to suppress. On December 28, 2010, appellant filed a notice of appeal **pro se**.

On September 27, 2011, appellant filed a **pro se** "Pretrial Writ of Habeas Corpus," in which he asserted that the police falsified the "allegation of probable cause" when they stated in the criminal complaint that as appellant was exiting his vehicle, he stated, "ah, man, all I have is a little bag of weed on me." Appellant concluded by requesting that all charges be dismissed. On October 17, 2011, appellant filed his second notice of appeal **pro se**. On November 22, 2011, the trial court denied appellant's Pretrial Writ of Habeas Corpus.

On November 30, 2011, a jury convicted appellant of two counts of possession of a controlled substance with intent to deliver and three counts of simple possession.[1] On March 12, 2012, the court sentenced appellant to an aggregate term of three to six years' imprisonment followed by seven years' probation. Numerous parties filed post-sentence motions including *pro se* motions by appellant, the Public Defender, and private counsel, Mark Rubenstein, Esq. On March 30, 2012, appellant filed a third notice of appeal *pro se*, purportedly from the November 22, 2011 order denying his Pretrial Writ of Habeas Corpus, as made final by the March 12, 2012 judgment of sentence. On April 25, 2012, the parties appeared for a hearing on post-trial motions. Appellant stated that he wanted to proceed *pro se* on post-trial and on appeal. Thereafter, a *Grazier* colloquy was conducted, and appellant was permitted to proceed *pro se*.[2]

On appeal, appellant raises a single issue, asserting that the trial court erred in failing to grant his Pretrial Writ of Habeas Corpus petition. Appellant claims that the police lied when he supposedly admitted having "a little bag of weed on me." Although he does not extend his argument further, presumably appellant is also arguing that the drug evidence should have

---

[1] 35 P.S. § 780-113(a)(30) and (16), respectively.

[2] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

been suppressed because without this admission, the police were without probable cause to search him. We find no merit in appellant's argument.[3]

As a procedural matter, we note that appellant was represented by counsel when he filed the Pretrial Writ of Habeas Corpus petition **_pro se_**. We agree with the trial court that appellant was not entitled to hybrid representation. Our supreme court has set a Commonwealth policy that no defendant has a right to hybrid representation, either at trial or on appeal. **_Commonwealth v. Padilla_**, 80 A.3d 1238, 1259 (Pa. 2013), **_cert. denied_**, **_Padilla v. Pennsylvania_**, 134 S.Ct. 2725 (2014). Therefore, the trial court properly could not grant relief on his Pretrial Writ of Habeas Corpus petition.

---

[3] We also disagree with the Commonwealth's argument. The Commonwealth asserts that appellant's Pretrial Writ of Habeas Corpus petition must be treated as a petition under the Post Conviction Relief Act ("PCRA"). As such, the Commonwealth argues, appellant's claim is not cognizable under the PCRA. We acknowledge that there is abundant case law directing that petitions for writ of **_habeas corpus_** be treated as petitions under the PCRA. **_See Commonwealth v. Turner_**, 80 A.3d 754, 770 (Pa. 2013), **_cert. denied_**, **_Turner v. Pennsylvania_**, 134 S.Ct. 1771 (2014). However, these cases pertain to instances where the petition for writ of **_habeas corpus_** was filed post conviction (and usually following a direct appeal) and was functioning as a vehicle for collateral review. As these cases note, the PCRA subsumes the remedy of **_habeas corpus_** on collateral review. 42 Pa.C.S.A. § 9541. Instantly, however, appellant's Pretrial Writ of Habeas Corpus petition was not attempting to seek collateral review but rather pre-trial dismissal of charges. Thus, it should not be treated as a PCRA petition. Moreover, our case law holds that the PCRA subsumes the remedy of **_habeas corpus_** where the claims asserted are cognizable under the PCRA. **_Turner_**, 80 A.3d at 770. If appellant's argument on appeal is not cognizable under the PCRA, as the Commonwealth contends, then appellant's Pretrial Writ of Habeas Corpus petition would not be subsumed by the PCRA.

Moreover, we find that appellant's issue, raised as per his Pretrial Writ of Habeas Corpus petition, actually goes to the decision of the court below to deny the motion to suppress. In this regard, we note our standard of review:

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where, as here, the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. Thompson*, 93 A.3d 478, 484 (Pa.Super. 2014), quoting *Commonwealth v. McAdoo*, 46 A.3d 781, 783-784 (Pa.Super. 2012), *appeal denied*, 65 A.3d 413 (Pa. 2013).

We are bound by the credibility determinations of the trial court where they are supported by the record. *Commonwealth v. Floyd*, 937 A.2d 494, 500 (Pa.Super. 2007). Here, the court below made a specific determination that Officer Saldutte was credible when he testified that

appellant stated as he was getting out of his car, "ah, man, all I have is a little bag of weed on me." (Trial court opinion, 7/3/14 at 4.) Thus, we are bound by this determination and therefore find that the court did not abuse its discretion in denying suppression.

Accordingly, having found no merit in the issue on appeal, we will affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/2014