J-S29012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RAYNARD GRAVES | |
| Appellant | No. 3183 EDA 2016 |

Appeal from the Order September 13, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0810851-1994,
CP-51-CR-0810861-1994, CP-51-CR-0810871-1994,
CP-51-CR-0907281-1994, CP-51-CR-1000861-1994

BEFORE:  LAZARUS, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 08, 2017**

Raynard Graves appeals from the order, entered in the Court of Common Pleas of Philadelphia County, denying his post-conviction writ of habeas corpus.  After careful review, we affirm.

In 1995, the trial court sentenced Graves to an aggregate term of 52½ to 105 years' imprisonment, after two separate juries convicted him of multiple offenses stemming from a shooting and four robberies.[1]  Graves filed a direct appeal to this Court, which affirmed his judgment of sentence

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Graves was convicted of aggravated assault, 18  Pa.C.S.A. § 2702, criminal conspiracy, 18  Pa.C.S.A. § 903, possessing an instrument of crime (PIC), 18  Pa.C.S.A. § 907, robbery, 18  Pa.C.S.A. § 3701, and violation of the uniform firearms act (VUFA), 18  Pa.C.S.A. § 6105.

in 1997. ***Commonwealth v. Graves***, 698 A.2d 1345 (Pa. Super. 1997) (table). In 1998, Graves filed a petition for allowance of appeal, which our Supreme Court denied. ***Commonwealth v. Graves***, 723 A.2d 670 (Pa. 1998) (table). On December 27, 2007, Graves filed a PCRA petition *pro se*, which the PCRA court dismissed as untimely. This Court affirmed the dismissal on appeal. ***Commonwealth v. Graves***, 3331 EDA 2008 (Pa. Super. 2009). On August 21, 2012, Graves filed a second PCRA petition *pro se*, which the PCRA court also dismissed as untimely. This Court affirmed on appeal. ***Commonwealth v. Graves***, 2546 EDA 2014 (Pa. Super. 2015). On June 15, 2016, Graves filed a *pro se* petition for writ of habeas corpus *ad subjiciendum*,[2] in the Court of Common Pleas of Philadelphia County. The Honorable Gary S. Glazer, finding Graves was not entitled to relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46 ("PCRA"), appropriately treated the petition as a writ of habeas corpus. ***See Commonwealth v. Turner***, 80 A.3d 754 (Pa. 2013) (writ of habeas corpus continues to exist only in cases in which there is no remedy under the PCRA). Following review of the pleadings and record, Judge Glazer dismissed the writ of habeas corpus.

---

[2] This type of writ inquiries into "the lawfulness of the restrain of a person who is imprisoned or detained in another's custody." "Habeas Corpus Ad Subjiciendum." Merriam-Webster.com. Merriam-Webster, n.d. Web. 24 April 2017. <http://www.merriam-webster.com/dictionary/habeas corpus ad subjiciendum>.

On September 30, 2016, Graves filed a timely appeal in which he raises the following issue: "Whether the trial court abused its discretion in dismissing appellant's [p]etition for [w]rit of [h]abeas [c]orpus since he is confined absent a [s]entencing [o]rder required by 42 Pa.C.S.A. § 9764(a)(8)."[3]   Brief of Appellant, at 3.   Specifically, Graves claims that a "certified record – docketing entries and his sentencing transcript – cannot be used in his case to comprise an 'existent record' that authorizes his incarceration." *Id.* at 9.  Graves' claim is of no avail.

We agree with the trial court that a petition for writ of habeas corpus, rather than a PCRA petition, is the proper vehicle for Graves' illegal detention claim.   However, "section 9764 neither expressly vests, nor implies the vestiture, in a prisoner of any remedy for deviation from the procedures prescribed within." *Id.* at 371.   In *Joseph v. Glunt*, 96 A.3d 365 (Pa. Super. 2014), the defendant, like Graves, filed a petition for writ of

---

[3] Section 9764 states in relevant part:

> **(a) General rule.**--Upon commitment of an inmate to the custody of the Department of Corrections, the sheriff or transporting official shall provide to the institution's records officer or duty officer . . . the following information:
>
> * * *
>
> (8) A copy of the sentencing order and any detainers filed against the inmate which the county has notice.

42 Pa.C.S. § 9764(a)(8).

habeas corpus in which he argued his current sentence was illegal, pursuant to section 9764, because the Pennsylvania Department of Corrections ("DOC") did not possess a written copy of his sentencing order. In *Joseph*, this Court found "none of the provisions in section 9764 indicate an affirmative obligation on the part of the DOC to maintain and produce the documents enumerated in subsection 9764(a) upon the request of the incarcerated person." *Id.* at 371. Moreover, the lower court determined that "the existent record authorized [the defendant's] incarceration." *Id.* at 368. On appeal, our Court held that:

> The trial court properly reviewed the record and discovered a valid sentencing order contained therein. **Moreover, the trial court correctly concluded that, even in the absence of a written sentencing order, the DOC had continuing authority to detain [the defendant]. We discern no abuse of discretion in the trial court's conclusion.**

*Id.* at 372 (emphasis added).

Moreover, *Joseph* makes it clear that Graves' argument that the certified record is insufficient to confirm the legitimacy of his sentence is meritless. *Id.* at 372 (criminal docket provided by trial court and transcript of sentencing hearing are sufficient to confirm imposition, and legitimacy, of prisoner's sentence). The trial court properly reviewed the record and found Judge Glazer entered a valid sentence on June 30, 1995. Accordingly, the trial court properly dismissed Graves' petition.

Order affirmed.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2017