J-S60018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RUSSELL SCOTT SHICK, | : | |
| | : | |
| Appellant | : | No. 5 WDA 2017 |

Appeal from the PCRA Order December 9, 2016
In the Court of Common Pleas of Clarion County
Criminal Division at No(s):  147 CR 1977

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.*

JUDGMENT ORDER BY DUBOW, J.:              **FILED SEPTEMBER 18, 2017**

Appellant, Russell Scott Shick, appeals from the December 9, 2016 Order denying and dismissing his first Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.   Because Appellant's maximum sentence expired nearly forty years ago, he is ineligible for relief under the PCRA.  Thus, we affirm.

On October 6, 1977, Appellant pled guilty to Criminal Conspiracy to Commit Arson.  On November 10, 1977, the trial court sentenced him to one to three years of imprisonment, with credit for time served from August 24, 1977.  **See** Order of Sentence, filed 11/14/77, at 1.

On September 12, 2016, Appellant filed a PCRA Petition, which the PCRA court dismissed on December 9, 2016, on the grounds that Appellant

_____
*   Former Justice specially assigned to the Superior Court.

is ineligible for relief under the PCRA. **See** Pa.R.A.P. 1925(a) Opinion, filed 2/13/17, at 1; Trial Court Opinion, filed 12/9/16, at 1.

Appellant filed a timely Notice of Appeal to this Court. Appellant did not comply with the PCRA court's January 3, 2017 Order directing him to file a Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal.[1]

To be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that he is "currently serving a sentence of imprisonment, probation[,] or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i). A petitioner who has completed his sentence is no longer eligible for post-conviction relief. **Commonwealth v. Soto**, 983 A.2d 212, 213 (Pa. Super. 2009); **see also Commonwealth v. Turner**, 80 A.3d 754, 765 (Pa. 2013) ("[D]ue process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence.").

Appellant's maximum sentence of thirty-six months expired nearly forty years ago. Appellant has completed his sentence and is, therefore, ineligible for PCRA relief. Accordingly, we affirm the PCRA court's Order dismissing Appellant's PCRA Petition.

Order affirmed.

_____

[1] In his Brief to this Court, Appellant raises twenty issues for our review.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/18/2017