J-S66027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| EUGENE PRATT, | : | |
| Appellant | : | No. 348 WDA 2017 |

Appeal from the PCRA Order February 1, 2017
In the Court of Common Pleas of Fayette County
Criminal Division at No.: CP-26-CR-0002269-2014

BEFORE: BENDER, P.J.E., DUBOW, J., and PLATT*, J.

JUDGMENT ORDER BY DUBOW, J.:         **FILED NOVEMBER 07, 2017**

Appellant, Eugene Pratt, appeals from the February 1, 2017 Order dismissing his first Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Because Appellant's maximum sentence has expired, he is ineligible for relief under the PCRA. We, therefore, affirm.[1]

On January 6, 2016, Appellant entered a guilty plea to two counts of Driving Under the Influence ("DUI"), one count of Obedience to Traffic-Control Devices, one count of Maximum Speed Limits, one count of Careless

---

[1] Counsel has filed a Petition to Withdraw, and an "***Anders*** Brief," which satisfies the mandates of ***Turner/Finley*** applicable in a PCRA context. ***See Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011); ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Counsel also submitted a copy of a "no merit" letter sent to Appellant informing him of his rights to proceed. In light of our disposition, we grant counsel's Petition to Withdraw.

---

* Retired Senior Judge assigned to the Superior Court.

Driving, and one count of No Rear Lighting.[2]  On the same day, the trial court sentenced Appellant to an aggregate term of 48 hours to 6 months' incarceration.  **See** Order of Sentence, filed 1/6/16; N.T., 1/5/16, at 11-12. Appellant did not file a direct appeal.

On January 3, 2017, Appellant filed the instant PCRA Petition, his first, challenging his guilty plea by invoking the United States Supreme Court's decision in **Birchfield v. North Dakota**, ___ U.S. ___, 136 S.Ct. 2160, 195 L.Ed. 2d 560 (filed June 23, 2016).[3]

To be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that he is "currently serving a sentence of imprisonment, probation[,] or parole for the crime[.]"  42 Pa.C.S. § 9543(a)(1)(i).  A petitioner who has completed his sentence is no longer eligible for post-conviction relief.  **Commonwealth v. Soto**, 983 A.2d 212, 213 (Pa. Super. 2009); **see also Commonwealth v. Turner**, 80 A.3d 754, 765 (Pa. 2013) ("[D]ue process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence.").

_____

[2] 75 Pa.C.S. § 3802(a)(1); 75 Pa.C.S. § 3802(b); 75 Pa.C.S. § 3111; 75 Pa.C.S. § 3362; 75 Pa.C.S. § 3714; and 75 Pa.C.S. § 4303(b), respectively.

[3] In **Birchfield**, the United States Supreme Court invalidated any criminal sanction assessed for refusing to submit to a blood test in the absence of a warrant.  The Court determined that with regard to blood tests, the police must either seek a warrant, obtain consent, or show exigent circumstances. **Id.**

Appellant's maximum sentence in the instant case expired on July 6, 2016, six months after the trial court imposed his sentence. Appellant has completed his sentence and is, therefore, ineligible for PCRA relief. Accordingly, we affirm the PCRA court's Order dismissing Appellant's PCRA Petition and grant counsel's Petition to Withdraw.

Order affirmed. Petition to Withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/2017