J-S17041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIMOTHY J. WRIGHT, | |
| Appellant | No. 910 EDA 2017 |

Appeal from the PCRA Order entered February 10, 2017,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0822361-1984.

BEFORE:  BENDER, P.J.E., LAZARUS, J. and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED APRIL 27, 2018**

Timothy J. Wright appeals *pro se* from the order denying as untimely his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The pertinent facts and extensive procedural history have been summarized as follows:

> On May 24, 1985, Wright was convicted by a jury of two counts of kidnapping, two counts of robbery, and one count each of rape, recklessly endangering another person, possessing an instrument of crime, and aggravated assault, as a result of a four-day crime spree wherein Wright abducted two women in their vehicles.  He was sentenced to an aggregate term of 59 ½ to 124 years of incarceration.  Represented by trial counsel, Wright filed a direct appeal, and this Court affirmed his judgment of sentence on July 1, 1986.  The Pennsylvania Supreme Court denied Wright's petition for allowance of appeal on April 14, 1987.

On December 11, 2003, Wright filed a *pro se* writ of *habeas corpus* arguing that his constitutional rights were violated by the receipt of consecutive sentences – that because his convictions arose from a single criminal episode, is convictions must merge for sentencing purposes. The PCRA court treated this as his first PCRA petition, and appointed counsel to represent Wright. On September 28, 2004, counsel filed a no-merit letter pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988), and sought to withdraw as counsel. Thereafter, the trial court issued notice to Wright of its intention to dismiss his PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907, and ultimately did so on November 19, 2004. Wright did not appeal that decision.

On October 7, 2008, Wright filed a second *pro se* PCRA petition raising claims of PCRA counsel's ineffectiveness, a violation of Pa.R.Crim.P. 905(B) regarding his first PCRA petition, ineffective assistance of trial counsel, ineffective assistance of PCRA counsel, and discretionary aspects of sentencing. Wright filed a "supplemental addition" to his PCRA petition on February 1, 2009, when he added: "Government Interference occurred when trial counsel was allowed to perfect petitioner's first direct appeal without any assistance or input from petitioner. On March 12, 2010, Wright filed an "Amendment to Subsequent PCRA Petition," wherein he raised various claims of "governmental interference" based upon the trial court's rulings and prior counsel's actions in representing Wright at trial and on direct appeal, and reiterated his claims of ineffectiveness of counsel.

The PCRA court sent notice of its intention to dismiss this second PCRA petition without a hearing on July 22, 2010. Wright filed a response to the notice on August 13, 2010. The trial court dismissed the petition as untimely on September 27, 2010.

**Commonwealth v. Wright**, 2758 EDA 2010, unpublished memorandum at

1-3 (citation and footnotes omitted).

Wright filed a timely appeal to this Court, in which he raised thirteen issues. We found his claims to be either waived, undeveloped, or otherwise without merit. This Court therefore affirmed the order denying post-conviction relief on July 12, 2011. **See Wright**, **supra**. Our Supreme Court denied Wright's petition for allowance of appeal on April 5, 2012.

On October 27, 2014, Wright filed the instant *pro se* PCRA petition, his third. On October 14, 2016, the Supervising Judge of the Criminal Section of the Court of Common Pleas of Philadelphia issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing.[1] Wright filed a response on October 20, 2016. Thereafter, the supervising judge reassigned the matter to the PCRA court, which denied the petition as untimely on February 10, 2017. This appeal follows. The PCRA court did not require Pa.R.A.P. 1925 compliance.

On appeal, Wright claims that the PCRA court erred in dismissing his latest PCRA petition. Thus, we must determine whether the PCRA court correctly determined that Wright's serial petition for post-conviction relief was untimely filed. This Court's standard of review regarding an order dismissing a petition under the PCRA is "to determine whether the

---

[1] The reason for the nearly two-year delay in issuing Rule 907 notice is unexplained by our review of the record. The certified record does contain a *pro se* motion for mandamus that Wright filed in September 2016, in which he asked the Pennsylvania Supreme Court to direct the PCRA court to rule on his 2014 PCRA petition.

determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[2] 42 Pa.C.S.A. § 9545. A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." ***See Hernandez***, 79 A.3d

---

[2] The exceptions to the timeliness requirement are:

> (I) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

651-52 (citations omitted); *see also* 42 Pa.C.S.A. § 9545(b)(2). Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Furgess*, 149 A.3d 90 (Pa. Super. 2016).

"Wright's judgment of sentence became final ninety days after April 14, 1987, at the expiration of the period for seeking *certiorari* before the United States Supreme Court." *Wright*, unpublished memorandum at 8-9. Wright's third petition, filed over a quarter of a century later, is patently untimely, unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

Wright has failed to prove any exception to the PCRA's time bar. Rather, he argues that, because he cannot seek redress of his "legal innocence" claim via the PCRA, his latest post-conviction filing should be considered a petition for writ of *habeas corpus*. We disagree. Initially, we note that this claim was not raised with the requisite specificity before the PCRA court; the PCRA court addressed only Wright's attempt to establish the newly-discovered evidence exception to the PCRA's time bar. *See* PCRA Court Opinion, 2/10/17, at 3-4. Thus, his claim is waived. *Furgess*, *supra*.

Absent waiver, Wright would still not be entitled to relief. Pursuant to the plain language of Section 9542, the PCRA "subsumes the remedies of habeas corpus and coram nobis." *Commonwealth v. Turner*, 622 Pa. 318, 80 A.3d 754, 770 (2013) (citation omitted). "The writ of *habeas corpus*

exists only in cases in which there is no remedy under the PCRA." ***Id.*** The "rare instances" in which review outside the PCRA is possible are those in which the petitioner "never was eligible for review under the PCRA." ***Id.***

Wright cites no relevant case law to support his claim that his assertion of "legal innocence" due to mental illness—rather than "actual innocence"—is one of those "rare instances" for which a remedy is unavailable under the PCRA. Indeed, in ***Commonwealth v. Cruz***, 852 A.2d 287 (Pa. 2004), the Pennsylvania Supreme Court held that mental incompetence may qualify under the after-discovered evidence exception to the PCRA's time bar, and, therefore, remanded so that the petitioner could attempt to prove his claim. Thus, because Wright's claim, that he is "legally innocent" of the crimes for which he was convicted, could have been raised under the PCRA, the PCRA court correctly determined that it lacked jurisdiction to consider the merits of the petition. We therefore affirm its order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/27/18

- 6 -