J-S17010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEPHEN ROZNIAKOWSKI, | |
| Appellant | No. 2348 EDA 2018 |

Appeal from the Order Entered July 16, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002367-2015

BEFORE: BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED JUNE 05, 2019**

Appellant, Stephen Rozniakowski, appeals from the trial court's July 16, 2018 order granting the Commonwealth's "Petition to Enforce No-Contact Conditions of Sentence" (hereinafter "the Petition"). Appellant argues that we must vacate that order because he was not properly served with the Petition. After review, we agree with Appellant; thus, we vacate the court's order and remand for further proceedings.

The facts of Appellant's underlying convictions are not pertinent to this appeal. We need only note that in November of 2017, Appellant pled guilty to the first-degree murder of Valerie Morrow, and to the aggravated assault of Morrow's minor daughter. For these offenses, Appellant was sentenced to life imprisonment, without the possibility of parole, and a consecutive term of 10 to 20 years' incarceration. Additionally, he was ordered to not have any

direct or indirect contact with the victims' family. Appellant did not file an appeal.

On February 2, 2018, Appellant posted a picture of himself and Morrow on Facebook, with the caption, "Forever in my heart." On July 2, 2018, the Commonwealth filed the Petition, asking the trial court to "prohibit[] [Appellant] from using Facebook or other forms of social media or electronic communication to have direct or indirect contact with the victim's family, and that any existing post(s) depicting or referencing his victim be removed immediately." Petition, 7/2/18, at 4. The Commonwealth's certificate of service attached to the Petition confirmed that Appellant's counsel was served with notice thereof; however, according to the trial court, counsel was no longer representing Appellant when that service was made. *See* Trial Court Opinion (TCO), 10/29/18, at 3. Despite that Appellant had not been served with the Petition, on July 16, 2018, the trial court entered an order granting it. As per the Commonwealth's requests, the order stated: "[Appellant] is prohibited from using Facebook or other forms of social media or electronic communication to have direct or indirect contact with the victim's family. Any existing post(s) depicting or referencing his victim is ORDERED to be removed immediately." Order, 7/16/18.

Appellant filed a timely, *pro se* notice of appeal, and the court appointed counsel to represent him herein. Appellant timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors

complained of on appeal, and the court filed a responsive Rule 1925(a) opinion on October 29, 2018.

Herein, Appellant states three issues for our review:

I.    Were [] Appellant's due process rights violated in that the Delaware County District Attorney's Office filed a motion with the court to enforce a no[-]contact order without notice of said motion being provided to [Appellant]?

II.   Were [] Appellant's due process rights violated in that the court did not provide notice of a scheduled hearing pursuant to the District Attorney's motion to [Appellant]?

III.  Were [] Appellant's due process rights violated in that a hearing was conducted without [Appellant] being present or taking part and after said hearing, the court render[ed] a decision based solely on the representations of the Commonwealth?

Appellant's Brief at 4.

Before addressing Appellant's arguments, we observe that he has not complied with Pa.R.A.P. 2119, in that he presents one, undivided argument in support of the three, above-stated issues. *See* Pa.R.A.P. 2119(a) (requiring that the appellant divide his argument "into as many parts as there are questions to be argued" with distinctive headings indicating "the particular point treated" in each section). However, Appellant's error in this regard does not impede our review of his claims and, therefore, we do not deem his issues waived on this basis.

Appellant contends that his due process rights were violated by the Commonwealth's failure to serve him, or an attorney representing him, with the Petition. "A question regarding whether a due process violation occurred

- 3 -

is a question of law for which the standard of review is *de novo* and the scope of review is plenary." ***Commonwealth v. Tejada***, 161 A.3d 313, 317 (Pa. Super. 2017) (citation omitted). Additionally, our Supreme Court has explained:

> The Fourteenth Amendment provides in part: "nor shall any State deprive any person of life, liberty, or property, without due process of law," and protects "the individual against arbitrary action of government[.]" Similarly, Article I, Section 9 of the Pennsylvania Constitution guarantees a criminal defendant the right to due process of law. These two due process provisions are largely coextensive. The constitutional right to due process guarantees more than fair process, covering a substantive sphere as well, barring certain government actions regardless of the fairness of the procedures used to implement them. "Due process" is not susceptible to precise definition; rather, the phrase expresses the requirement of "fundamental fairness," a requisite whose meaning can be as opaque as its importance is lofty.
>
> In terms of procedural due process, government is prohibited from depriving individuals of life, liberty, or property, unless it provides the process that is due. While not capable of an exact definition, the basic elements of procedural due process are adequate notice, the opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case. Thus, courts examine procedural due process questions in two steps: the first asks whether there is a life, liberty, or property interest that the state has interfered with; and the second examines whether the procedures attendant to that deprivation were constitutionally sufficient.

***Commonwealth v. Turner***, 80 A.3d 754, 763–64 (Pa. 2013) (cleaned up).

Here, in its opinion, the trial court agrees with Appellant that the failure to serve him with the Commonwealth's petition is a due process error that requires us to vacate the court's order and remand for further proceedings. ***See*** TCO at 3. The Commonwealth, however, contends that Appellant's due

process rights were not violated because he "was not deprived of any liberty interest guaranteed by the State or Federal Constitutions as a result of the trial [court's] clarification and enforcement order." Commonwealth's Brief at 5. According to the Commonwealth, "there is no protected State or Federal … liberty interest that [Appellant], a life[-]sentenced state inmate, can assert in his posting on Facebook or other social media, given the restrictive conditions of confinement and ordinary regulations pertaining to life in prison." *Id.* at 6. Moreover, the Commonwealth insists that the Petition did not seek to alter the sentencing conditions imposed, but simply asked the court to enforce the no-contact provision of Appellant's sentence.

We disagree with the Commonwealth. The Supreme Court of the United States "has characterized the freedom of speech and that of the press as fundamental personal rights and liberties." *Schneider v. State of New Jersey,* 308 U.S. 147, 150 (1939). The Commonwealth cites no case law to support its suggestion that Appellant's status as an inmate, in and of itself, curtails his right to freedom of speech beyond the no-contact component of his sentence. Moreover, contrary to the Commonwealth's position, the sentencing court's brief statement that Appellant shall have "[n]o contact, direct or indirect, with any of the members of the victim[s'] family" does not unequivocally encompass the social media post that triggered the Commonwealth's filing of the Petition in this case. *See* N.T. Plea/Sentencing, 11/29/17, at 29. Therefore, before the court could curtail Appellant's freedom of speech by ordering him to remove that post, and precluding him from

making any other similar posts in the future, Appellant was entitled to notice of the Petition, the opportunity to be heard, and the chance to defend himself. Because Appellant was deprived of these entitlements, his due process rights were violated. Therefore, we vacate the order granting the Petition and remand for further proceedings.

Order vacated. Case remanded. Jurisdiction relinquished.

President Judge Emeritus Ford Elliott joins this memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/5/19