J-S20019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RALTO LINDSAY | |
| Appellant | No. 1573 EDA 2019 |

Appeal from the PCRA Order entered May 20, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0011932-2008

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                **FILED AUGUST 11, 2020**

Appellant, Ralto Lindsay, appeals from the May 20, 2019 order entered in the Court of Common Pleas of Philadelphia County denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

The factual and procedural background of the instant appeal is not at issue.  Briefly, Appellant attacked the victim on two separate occasions.  As a result, following a non-jury trial, Appellant was found guilty of attempted murder, aggravated assault, possession of an instrument of crime, simple assault, and recklessly endangering another person.  On July 1, 2009, Appellant was sentenced to consecutive terms of twenty to forty years' imprisonment for attempted murder, ten to twenty years' imprisonment for

aggravated assault, and an additional two and one-half to five years' imprisonment for possession of an instrument of crime.

After Appellant challenged counsel's failure to file a direct appeal, the trial court reinstated Appellant's appellate rights. On direct appeal, Appellant challenged the legality and discretionary aspects of his sentence. We affirmed. *See **Commonwealth v. Lindsay***, No. 1801 EDA 2011, unpublished memorandum (Pa. Super. filed April 17, 2012).

Appellant filed his first PCRA petition in 2012, alleging ineffective assistance of counsel. After appointing counsel, the PCRA court dismissed the PCRA petition on July 23, 2015. On appeal, we affirmed. ***See Commonwealth v. Lindsay***, No. 2541 EDA 2015, unpublished memorandum (Pa. Super. filed February 15, 2017).

Appellant filed his second PCRA petition on October 4, 2017, which the PCRA court dismissed on April 30, 2018.

Appellant filed the instant PCRA petition, his third, on August 2, 2018, alleging that on June 15, 2018, he discovered that his trial counsel had been diagnosed in 2013 with Attention Deficit Hyperactivity Disorder ("ADHD"), and that counsel's medical condition negatively affected his representation of Appellant. ***See*** PCRA Petition, 8/2/19.

In response, the Commonwealth argued that Appellant's third PCRA petition was untimely and did not meet any exceptions to the timeliness requirement. The PCRA court issued a notice of intent to deny under

- 2 -

Pa.R.Crim.P. 907 on April 15, 2019 and formally denied Appellant's third PCRA petition on May 20, 2019.  This timely appeal followed.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies.   42 Pa.C.S.A. § 9545(b)(1).   "The PCRA's time restrictions are jurisdictional in nature.  Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims."  **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted).   As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed.   **Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008).  The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence.  **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citation omitted).

As noted above, Appellant filed the instant petition on August 2, 2018, more than five years after his judgment of sentence became final.[1] As such, the instant petition is facially untimely.

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The one-year time limitation, however, can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[2]

Here, Appellant argues he meets the requirements of the newly-discovered fact exception in Section 9545(b)(1)(ii). This exception requires a petitioner to plead and prove two components: 1) the facts upon which the claim was predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence. *See Commonwealth v. Burton*, 158 A.3d 618, 638 (Pa. 2017).

---

[1] Appellant's judgment of sentence became final thirty days after the expiration of the time to file an appeal with the Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3).

[2] Section 9545(b)(2) was recently amended to enlarge the deadline from sixty days to one year. The amendment applies only to claims arising on or after December 24, 2017. Here, Appellant alleges that he discovered counsel's condition on June 15, 2018. We do not need to decide whether the sixty day or the one year deadline is applicable here, as the instant petition is untimely under either timeframe.

Here, the alleged newly discovered evidence is trial counsel's ADHD diagnosis in 2013. According to Appellant, trial counsel's condition affected his performance, resulting in an unfair, excessive sentence. In other words, Appellant challenges counsel's effectiveness based on the discovery of counsel's medical condition.[3]

Appellant's argument has several defects. First, petitioners cannot satisfy the newly-discovered facts exception by alleging ineffectiveness of counsel. *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000). Second, even assuming that counsel's ineffectiveness qualifies as a newly-discovered fact, the PCRA court aptly observed from the Appellant's petition that Appellant failed to establish that trial counsel's diagnosis "was unknown and undiscoverable to him at the time of trial or within the past 5 years." PCRA Court Opinion, 7/16/19, at 7; *see also* Commonwealth's Brief at 8-9. Finally, even if counsel suffered from ADHD at the time of trial, Appellant failed to establish that the condition affected counsel's performance and that Appellant suffered prejudice from counsel's performance. *See*, *e.g*., *Commonwealth v. Vance*, 546 A.2d 611, 638 (Pa. Super. 1988) (quoting *Berry v. King*, 765 F.2d 451, 454 (5th Cir.1985)) ("[T]he fact that an attorney used drugs is not, in and of itself, relevant to an effective assistance

---

[3] "[T]o prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Spotz*, 84 A.3d 294, 312 (Pa. 2014) (citation omitted).

claim. The critical issue is whether, for whatever reason, counsel's performance was deficient and whether the deficiency prejudiced the defendant"). Appellant's claim therefore fails.

To the extent Appellant argues that counsel's undisclosed illness violated Appellant's due process right to a fair trial, even claims of constitutional dimension are subject to the same timeliness rules. ***Commonwealth v. Turner***, 80 A.3d 754, 767 (Pa. 2013) ("we have already held that, in the context of the jurisdictional timeliness restrictions on the right to bring a PCRA petition, the constitutional nature of a collateral claim does not overcome the legislature's restrictions on collateral review") (internal citation omitted). Since Appellant's petition was untimely, no relief is due on his due process claim.

Finally, Appellant argues the PCRA court erred in not holding a hearing on his claim. We disagree. As noted above, Appellant unsuccessfully attempted to invoke the newly-discovered fact exception to establish timeliness under the PCRA. Since courts have no jurisdiction to entertain untimely PCRA petitions, ***Chester***, 895 A.2d at 522, a hearing would have been pointless.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/11/2020</u>