J-S39031-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYMOND ALEXANDER | : | |
| | : | |
| Appellant | : | No. 862 EDA 2025 |

Appeal from the PCRA Order Entered March 5, 2025
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0006019-2000

BEFORE: STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED JANUARY 5, 2026**

Raymond Alexander ("Alexander") appeals from the order dismissing his seventh petition pursuant to the Post Conviction Relief Act ("PCRA").[1] Because Alexander is no longer serving a sentence, we affirm.

Because of our resolution of this matter, we only briefly note the following. A jury convicted Alexander of involuntary deviate sexual intercourse ("IDSI"), statutory sexual assault, and corruption of minors on March 28, 2001. The trial court subsequently sentenced him to eight to sixteen years in prison for IDSI and an aggregate term of probation of twenty-five years on the remaining charges. This Court affirmed the judgment of

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

sentence and the Supreme Court denied leave to appeal. ***See Commonwealth v. Alexander***, 803 A.3d 787 (Pa. Super. 2002) (table), ***appeal denied***, 808 A.2d 569 (Pa. 2002).

Subsequently, Alexander filed multiple, unsuccessful actions in both state and federal courts seeking to overturn the judgment of sentence. Of pertinence to the instant matter, the Commonwealth sought revocation of Alexander's probation in December 2021. During the subsequent proceedings, Alexander's counsel moved to vacate his remaining probationary sentence, claiming it was illegal because certain of the counts should have merged for purposes of sentencing. Despite the Commonwealth's objection, the revocation court granted the motion and discharged Alexander from his probationary sentence on August 12, 2022. The Commonwealth did not appeal.[2]

In August 2023, Alexander filed the instant action, which the court deemed to be a seventh PCRA petition. In February 2025, the PCRA court issued a Rule 907 notice. The PCRA court ultimately issued an order

_____

[2] In its 1925(a) opinion, the PCRA court acknowledges its decision to discharge Alexander's remaining probationary sentence was in error because Alexander raised the identical issue of merger in his direct appeal and this Court decided it against him. ***See*** PCRA Court Opinion, 7/10/25, at 12-13; ***Commonwealth v. Alexander***, 2194 EDA 2001 (Pa. Super., Apr. 25, 2002) (unpublished memorandum, at 13-15).

dismissing the petition both because Alexander was no longer serving a sentence and because it was untimely. This timely appeal followed.[3]

On appeal, Alexander challenges constitutionality of the PCRA under both the United States and Pennsylvania Constitutions. *See* Alexander's Brief at 2-11.[4]

Alexander appeals from the denial of his seventh PCRA petition asserting the unconstitutionality of the PCRA. We review the dismissal of a PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id*.

Prior to reaching the merits of Alexander's claims, we must determine if he pleaded and proved he is eligible for relief pursuant to 42 Pa.C.S.A. § 9543(a)(1), **Eligibility for relief,** which provides, in pertinent part, as follows:

_____

[3] Alexander and the PCRA court complied with Pa.R.A.P. 1925.

[4] The Commonwealth correctly contends that Alexander's brief violates multiple Rules of Appellate Procedure. *See* Commonwealth's Brief at 12-14. However, because we are able to discern the issues which Alexander wishes to raise, we decline to dismiss the appeal on that basis.

**(a) General rule.**--To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth **and is at the time relief is granted:**
>
> > **(i) currently serving a sentence of imprisonment, probation or parole for the crime;**

42 Pa.C.S.A. § 9543(a)(1)(i) (emphasis added). In the present case, Alexander failed to demonstrate he is still serving a sentence for the conviction at issue.

As the record demonstrates, Alexander served his prison sentence and was placed on probation at the latest by December 2021. The trial court vacated Alexander's remaining probationary sentence in August 2022. Alexander does not suggest nor provide any evidence that he is still serving a sentence for this specific case.[5] Therefore, he is not entitled to PCRA relief.

_____

[5] Even if Alexander were still serving his sentence, we would dismiss the petition as untimely because his judgment of sentence became final on December 26, 2002, and he did not file the instant petition until August 2023. Alexander does not argue that any of the timeliness exceptions apply to his PCRA petition. *See* Alexander's Brief at 2-11; 42 Pa.C.S.A. § 9545(b). Moreover, we note Alexander's challenges to the constitutionality of the PCRA could have been raised in any of his prior six PCRA petitions but were not and are thus waived. *See* 42 Pa.C.S.A. § 9543(a)(3).

Lastly, our Supreme Court has rejected a challenge to the constitutionality of the PCRA's requirement that a person must be serving a sentence to be eligible
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>1/5/2026</u>

---

for PCRA relief. **See Commonwealth v. Turner**, 80 A.3d 754, 766-69 (Pa. 2013).